SCOTTISH UNION AND NATIONAL INSURANCE COMPANY V.
C. H. CLANCY.

No. 3129.

83 113
90 382

1. **Insurance—Ascertainment of Loss by Appraisement.**—Unless fraud, accident, or mistake be shown, an agreement inserted in an insurance policy that the extent of loss be ascertained by an appraisement by disinterested parties selected, etc., is valid, and it has been repeatedly so held. See former appeal in this case, 71 Texas, 10.

2. **Proof of Loss in Stock of Goods Insured.**—See an instrument tendered as proof of loss held not to comply in any material matter with the proof of loss agreed upon in the policy. It was a list of items sworn to "contain a full, complete, and correct list of the several articles belonging to affiant, damaged and destroyed by fire in the store room, No. 612 Main Street, Dallas, on May 12, 1884." The court properly instructed that it was not sufficient.

3. **Waiver—Loss by Fire of Stock Insured.**—It is a well known principle in this class of cases that the acts relied upon as constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of the proof of loss and regulating the appraisement of damages done is not desired, and that it would be of no effect if observed by him. In this case an appraisement was desired by the insurance company, and was refused by the insured. The demand for proof of loss was made and not complied with. The facts negatived a waiver by the insurance company.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. The opinion states the case.

*Crawford & Crawford,* for appellant.—1. This suit is prematurely brought. The loss under the terms of the policy was not payable until sixty days after the receipt of proofs of loss. Ins. Co. v. Clancy, 71 Texas, 5; Ins. Co. v. Coffee, 61 Texas, 292; May on Ins., sec. 469.

2. Where the policy sued on stipulates that upon demand the loss shall be ascertained by an appraisement, and that the report of the appraisers shall be made a part of the proofs of loss, and that the loss shall not be payable until after such proofs are furnished, the appraisement and proofs of loss are conditions precedent to the right to recover on the policy. Ins. Co. v. Clancy, 71 Texas, 5.

*R. E. Cowart* and *William P. Ellison,* for appellee.—1. A denial of liability, a direction to sue, an offer of a certain sum in full settlement, an adjustment of a portion of the loss or damage, thus destroying the entirety of the covenant—all and each of them constitute a waiver of right to demand proof of loss and sixty days time, and suit was rightfully instituted at once. Ins. Co. v. Jacobs, 56 Texas, 373; Ins. Co. v. Dyches, 56 Texas, 565; Ins. and Banking Co. v. Meyer, 93 Ill., 271; Little v. Ins. Co., 123 Mass., 380; Badger v. Ins. Co., 49 Wis., 896; Priest v. Ins. Co., 3 Allen, 604; Flanders on Fire Ins., p. 594, and note; 2 Wood on Fire Ins., pp. 982, 987, 988.

2.   A denial of liability; a demand for appraisement of only a part of loss; the partial adjustment of the loss already made being insisted upon; a tender of a certain sum as the full amount due after an examination by the insurance company; a direction by the company to the insured, after examination made of loss and damage and failure to agree as to amount of loss or damage, to arrange and classify; a tender by insured of inventory as proof of loss, and receipt of such inventory without objection made; a direction by the company to insured to go ahead and sue—all and each constitute a waiver of proof of loss and appraisement.   Gilbert v. Ins. Co., 23 Wend., 43; Sexton v. Ins. Co., 9 Barb., 191; Meyer v. Ins. Co., 33 N. W. Rep., 453; Ins. Co. v. Holthouse, 5 N. W. Rep., 642; Flanders on Fire Ins., pp. 500, 595, and note, 597, 598, 602n; 2 Wood on Ins., pp. 973–979; Morse on Arbitration and Award, title, "Entirety;" 1 Add. on Cont., 233, and note; 1 Add. on Cont., 323, 324; 2 Wood on Ins., pp. 994, 1012, 1013, and note, 1015; McLaughlin v. Ins. Co., 23 Wend., 525; Wightman v. Ins. Co., 8 Rob. (La.), 442.

HOBBY, PRESIDING JUDGE, *Section A.*—The appellant issued to appellee a policy of insurance, on March 27, 1884, for $1000, on certain goods described therein and store fixtures contained in a brick store in the city of Dallas.   On May 12, 1884, while the policy was in force, the property insured was destroyed by fire.   This suit was brought on July 25, 1884.

The answer pleaded in substance, that the suit was prematurely brought; that the loss was not payable until sixty days after proofs of loss had been furnished; that no such proofs were made; and further, that an appraisement of the loss was demanded by the appellants, which the policy authorized, and which appellee declined to comply with. Plaintiff below pleaded, that the defendants had waived proofs of loss and appraisement of the damage by a partial adjustment of the damage through its agent.

The trial resulted in a verdict for appellee for the sum of $1410.44. The defendant prosecutes this appeal, and assigns error.   The question which is decisive of the case is, whether the compliance with the stipulations in the policy relating to the proofs of loss by the assured and the demand for an appraisement of the property destroyed were waived by appellant.

The policy provided, that "In case of loss the assured shall give immediate notice thereof, and shall render to the company a particular account of said loss under oath, stating the time, origin, and circumstances of the fire, the occupancy of the building insured (or containing the property insured), other insurance (if any), and copies of all policies, the whole value and ownership of the property, and the amount of loss or damage, and shall produce the certificate, under seal of a

magistrate, notary public, or commissioner of deeds nearest the place of the fire, and not concerned in the loss or related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property insured to the amount claimed by the assured."

The policy also provides, that "Loss or damage to property partially or totally destroyed, unless the amount of said loss or damage is agreed upon between the assured and the company, shall be appraised by disinterested and competent persons, one to be selected by this company and one by the assured," etc.

The report of the appraisers it was provided should be "in writing and under oath, and constitute a part of the proofs required, and until such proofs are produced the loss was not to become due and payable."

That the parties entering into a contract containing the foregoing stipulations are bound by the same is well settled. Unless fraud, accident, or mistake is shown, the agreement to ascertain the amount of the loss in the manner expressed in the contract has been repeatedly held to be valid, as a condition precedent to the right of the plaintiff to sue and recover. Ins. Co. v. Clancy, 71 Texas, 10, and cases cited.

The proofs of loss furnished by the appellee to the company consisted of a paper with the following caption: "Inventory of C. H. Clancy's stock, taken May 28, 1884." This is followed by three pages of items of goods, aggregating about $3125. This is sworn to before a notary public in Dallas County, the affidavit stating that the three and one-half pages contain a full, complete, and correct list of the several articles belonging to said Clancy, damaged and destroyed by fire in the store room, No. 612 Main Street, Dallas, on May 12, 1884. Sworn to May 29, 1884.

The inventory furnished by the plaintiff to the company possessed so few of the features of the proof of loss required by the policy, and was so plainly inadequate as such, that the court properly instructed the jury that it was not sufficient for that purpose, unless waived by the company. The plaintiff, therefore, must have obtained the verdict on the ground that the defendant waived the proof of loss and demand for appraisement. Hence, as we have said, the only question to be determined is, whether there was such a waiver established by the evidence.

The facts relied on as showing a waiver are, that appellant's agents and their adjuster Cochran visited the store of appellee after the fire, and, in the language of appellee, they "started to appraise some things and made some progress with the appraisement," when the appellee found "it was not going satisfactory, and quit." Cochran, the adjuster, after examining some of the goods, offered appellee $850. Appellee states, that they had assessed the damages on about $600

worth of goods at $207, when he saw he would not get a fair adjustment, and quit. There is no controversy as to the fact that the demand was made by the appellant for an appraisement in accordance with the stipulation in the contract on the goods not already agreed on as amounting to $204. Appellant and appellee selected the appraisers, and the agreement for appraisement was prepared, when appellee concluded to see his attorney, which he did, and upon his return declined to sign the agreement or go into it. The appellee testifies, that after the attempt to adjust the loss he delivered the inventory mentioned to Mr. Ewing as proof of loss, with the statement that if appellant failed to settle with him he would sue. It was in evidence that the company demanded proof of loss in accordance with the requirements of the pol.cy. And appellee's testimony shows that he declined and refused to accede to the demand for an appraisement.

It is a well known principle in this class of cases that the acts relied on as constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss and regulating the appraisement of the damage done is not desired, and that it would be of no effect if observed by him.

It can not be said in the face of the proof showing that proof of loss was insisted on by the company, and that it was endeavoring to ascertain the amount of damage done by the fire to the goods of the appellee, that this indicated an intention or desire to dispense with the very requirements inserted in the policy for the purpose of enabling the company to arrive at this loss.

The facts in the case show that there was no waiver of the stipulations in the policy relating to proof of loss and appraisement of the property. They show, on the other hand, that appellant through its agents and adjuster was endeavoring to ascertain the amount of damage, while the appellee declined to comply with the conditions in the policy on which alone his right to recover depends.

We think both assignments are well taken, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted January 22, 1892.

A motion for rehearing was refused.