**VANGUARD UNDERWRITERS INSURANCE COMPANY,**
Relator,

v.

**The Honorable William D. SMITH, Presiding Judge in the 84th District Court, Hutchinson County, Texas, Respondent.**

No. 07–99–0217–CV.

Court of Appeals of Texas,
Amarillo.

July 9, 1999.

Rehearing Overruled Aug. 13, 1999.

Russell J. Bowman, Scott, Bowman & Stella, Dallas, for relator.

Frank Lay, Borger, for real parties in interest Brian and Donna Johnson.

Before BOYD, C.J., REAVIS and JOHNSON, JJ.

### ON PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

In this original proceeding, relator Vanguard Underwriters Insurance Company (Vanguard) seeks relief from the denial of its motion to compel Brian and Donna Johnson (the Johnsons) to submit to appraisal and to abate an underlying law suit until the appraisal is completed. For reasons we later recount, we conditionally grant the petition.

Under the record before us the facts appear to be undisputed. The underlying suit is based upon a Texas Standard Homeowners Policy issued by Vanguard to the Johnsons and involves a dispute between the parties about the amount of the wind and/or hail damage to the roof of the Johnsons' house in Borger. The copies of the pleadings in that underlying suit are included as exhibits in Vanguard's petition for mandamus. In their petition, the Johnsons allege that on or about May 7, 1995, their residence was damaged in a hailstorm. On or about September 18, 1996, they continue, they were notified by Vanguard's local agent that the roof of their home had been damaged by hail and that Vanguard would not renew their insurance unless the roof was repaired. Pursuant to instructions from Vanguard, they continue, they had the damage to their house estimated by a roofing contractor and, on or about September 25, 1996, they received his estimate in the amount of $8,241.50, which they forwarded to Vanguard. Upon receipt of that estimate, Vanguard sent its adjuster to examine the roof. According to the Johnsons' allegations, the adjuster estimated the damage at $1,534.85.[1] In their suit, in addition to what they allege were the actual damages to the roof, together with out-of-pocket expenses, they seek recovery for breach of contract, mental suffering and distress, violation of the Deceptive Trade Practices Act and exemplary damages. They also sought, and received, a temporary injunction restraining Vanguard from canceling the insurance policy pending resolution of the dispute.

1. Vanguard says the amount of damages found by their adjuster was $1,549.85. However, this particular difference in amount is not material to the issue before us.

■ In answering, Vanguard alleged the Johnsons' suit was premature and should be abated until the Johnsons complied with "the appraisal provision of their contract." In support of that request, they set out paragraphs 7 and 11 of the insurance contract. Paragraph 7 of the contract reads:

> 7. **Appraisal.** If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agreed upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item. If you or we request that they do so, the appraisers will also set:
>
> a. the full replacement cost of the dwelling.
>
> b. the full replacement cost of any other building upon which loss is claimed.
>
> c. the full cost of repair or replacement of loss to such building, without deduction for depreciation.
>
> If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding upon you and us.
>
> Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

Paragraph 11 of the policy reads:

> 11. **Suit Against Us.** No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues.

Subsequent to the filing of its original answer in the suit, Vanguard filed a "Motion to Invoke Appraisal" in which they asked the trial court to order the Johnsons to comply with paragraph 11 and that the suit be abated "so that the parties can proceed pursuant to the appraisal provision of Plaintiffs' insurance contract." The trial court originally granted this request, but after a later hearing, vacated the order and denied Vanguard's request.

It is enforcement of paragraph 11 that Vanguard seeks in this mandamus proceeding. Thus, in this matter, we are not concerned with other aspects of the underlying suit other than its abatement, until the appraisal procedure has been completed. In their response to Vanguard's petition, the only issue the Johnsons present is whether Vanguard "has presented sufficient evidence to allow this court to issue a writ of mandamus." In doing so, they argue that because Vanguard failed to provide this court with a record of the evidence heard at the rehearing of Vanguard's motion to compel, there is no sufficient record before us to show Vanguard's right to mandamus. In support of that position, they rely upon *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992, orig. proceeding).

In *Walker*, the underlying suit was one in which the parents of a child born with brain damage sought recovery from the attending obstetrician, the hospital in which the child was born, and the nurse attending at the delivery. In their petition for mandamus, the parents argued that the trial court had abused its discretion in refusing to order the hospital to produce documents from its insurer's files, and in arguing that portions of other submitted documents be stricken. In the course of the extensive dispute about whether these documents should be produced, the trial judge appointed a special master to review the plaintiffs' motion to compel production and the insurer's motion to quash. *Id.* at

836–37. It was in that context that our supreme court, noting that it was the obligation of the party seeking relief to furnish a sufficient record to establish its right to mandamus, held that with a record of the evidentiary hearing before it concerning the availability of, and necessity for, the documents sought, the relators had not shown their right to mandamus. *Id.*

In their response here, the Johnsons have not alleged that the insurance contract was unconscionable and void for fraud or duress. That being so, the narrow question presented by this petition, *i.e.*, whether the provision of the contract requiring the Johnsons to submit to the specified appraisal procedure is enforceable, is a question of interpretation of the contract. Insurance policies are construed by the same rules of construction that are applicable to contracts generally. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). The determination of whether the terms of a contract are ambiguous is a question of law. *Yancey v. Floyd West & Co.*, 755 S.W.2d 914, 918 (Tex.App.—Fort Worth 1988, writ denied). A provision or term in a contract will only be held ambiguous when an application of the general rules of contract construction renders the writing capable of at least two reasonable yet different meanings. *Nguyen Ngoc Giao v. Smith & Lamm, P.C.*, 714 S.W.2d 144, 147 (Tex.App.—Houston [1st Dist.] 1986, no pet.). When a dispute arises from the terms of a contract and the contract is not ambiguous, we can determine the parties' rights and obligations under the agreement as a matter of law, *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex.1997), and where there is no ambiguity, it is the courts' duty to give the words used their plain meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984).

Because the provision with which we are concerned is, in its essence, one requiring arbitration, cases considering such clauses are instructive to us in making our decision. A party seeking arbitration must establish the existence of an arbitration agreement, and show that the claims raised fall within the scope of that agreement. *See Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996). Once the party establishes a claim within the arbitration agreement, the trial court must compel arbitration and stay its own proceedings. *In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999).

Paragraphs 2 and 11 of the insurance contract are clear and unambiguous. Under those provisions, Vanguard is clearly entitled to have the appraisal procedure followed and the underlying suit abated until the completion of that procedure. Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus. Tex.R.App.P. 52.8(c). We are confident the trial court will grant Vanguard's motion to compel appraisal and abate the underlying suit in accordance with this opinion. We instruct our clerk to issue the writ only if the trial court fails to do so.

It is so ordered.