COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-305-CV
  
  
  
IN 
RE CLARENDON INSURANCE COMPANY                                 RELATOR
  
 
 
 
------------
 
ORIGINAL 
PROCEEDING
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        In 
this original proceeding, relator Clarendon Insurance Company complains that the 
trial court abused its discretion by entering a September 7, 2004 order denying 
Clarendon’s motion to dismiss or in the alternative to abate and by entering a 
September 24, 2004 order granting real party in interest Tommy Goff’s motion 
to strike Clarendon’s demand for appraisal. We hold that the trial court did 
not abuse its discretion by denying relator’s motion to dismiss or in the 
alternative to abate but did abuse its discretion by striking relator’s demand 
for appraisal. Accordingly, we will deny the writ as to the September 7, 2004 
order but will conditionally grant the writ as to the September 24, 2004 order.
II. Factual and 
Procedural Background
        Goff 
filed a claim under his homeowner’s insurance policy, issued by Clarendon, for 
water damage and mold damage to his home. Clarendon enlisted the help of a 
third-party claims administrator, and that third-party claims administrator then 
enlisted the services of William C. Richardson to adjust Goff’s losses. 
Richardson learned that Goff was a homebuilder by profession and verbally agreed 
to allow Goff to do his own repair work. Richardson did not prepare any 
paperwork affixing the amount of the loss. Instead, Goff was to submit invoices 
for the repair work he performed, and Clarendon planned to reimburse Goff 
monthly.
        Clarendon 
paid Goff $263,998.50 for repairs over approximately four months. After making 
these payments, Clarendon became concerned about the manner in which Goff’s 
claims were being handled by the third-party claims administrator. As a result, 
in April 2003, Clarendon hired a new third-party claims administrator. The new 
third-party claims administrator retained another firm to examine the validity 
of Goff’s claims as insured losses, and the firm began its review in June 
2003.
        Shortly 
after Clarendon hired the new third-party claims administrator, it quit making 
payments to Goff. Clarendon explained that Goff refused to allow anyone to enter 
his home to videotape or photograph the repairs. Goff’s insurance contract 
with Clarendon provided that it was Goff’s duty after a loss to “as often as 
we reasonably require . . . provide [Clarendon] access to the damaged 
property.” Clarendon explained that it desired to access the damaged property 
to match the repairs actually made with the repairs it had paid Goff for 
performing. Clarendon quit paying Goff because it could not verify his invoices.
        On 
August 13, 2003, Goff made a policy limits settlement demand to Clarendon. Five 
days later, Goff filed suit against Clarendon. During the discovery period, 
Clarendon sent Goff a demand for appraisal based on a provision in its insurance 
contract with Goff which provides, “[i]f you and we fail to agree on the 
actual cash value, amount of loss, or cost of repair or replacement, either can 
make a written demand for appraisal.” Goff filed a motion to strike 
Clarendon’s demand for appraisal.
        Clarendon 
then filed a motion to dismiss or abate Goff’s lawsuit. Clarendon asserted 
that its contract with Goff did not permit Goff to bring suit unless he complied 
with the policy’s provisions. Clarendon claimed that Goff had not complied 
with the policy provisions and that his suit should be dismissed because he had 
refused to allow Clarendon access to the damaged property. Clarendon also 
claimed that Goff’s suit should be abated because Clarendon had invoked the 
demand-for-appraisal provision of the contract. Clarendon claimed Goff’s suit 
should be abated pending the outcome of an appraisal.
        On 
September 7, 2004, the trial court signed an order denying Clarendon’s motion 
to dismiss or in the alternative to abate. On September 24, 2004, the trial 
court signed an order granting Goff’s motion to strike Clarendon’s appraisal 
demand. The case was ordered to mediation, and Clarendon’s petition for writ 
of mandamus followed.
III. Standard 
of Review
        Mandamus 
will issue only to correct a clear abuse of discretion or the violation of a 
duty imposed by law when there is no other adequate remedy at law. Walker v. 
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court 
clearly abuses its discretion when it reaches a decision so arbitrary and 
unreasonable as to amount to a clear and prejudicial error of law. Id. 
With respect to the resolution of factual issues or matters committed to the 
trial court’s discretion, we may not substitute our judgment for that of the 
trial court unless the relator establishes that the trial court could reasonably 
have reached only one decision and that the trial court’s decision is 
arbitrary and unreasonable. Id. at 839-40. This burden is a heavy one. Canadian 
Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. 
proceeding). Our review is much less deferential with respect to a trial 
court’s determination of the legal principles controlling its ruling because a 
trial court has no discretion in determining what the law is or in applying the 
law to the facts. Walker, 827 S.W.2d at 840. Thus, a clear failure by the 
trial court to analyze or apply the law correctly will constitute an abuse of 
discretion and may result in mandamus. Id.
        Absent 
extraordinary circumstances, mandamus will not issue unless relator lacks an 
adequate appellate remedy. In re Van Waters & Rogers, Inc., 145 
S.W.3d 203, 210-11 (Tex. 2004) (citing Walker, 827 S.W.2d at 839). An 
appeal is inadequate for mandamus purposes when parties are in danger of 
permanently losing substantial rights, such as when the appellate court would 
not be able to cure the error, the party’s ability to present a viable claim 
or defense is vitiated, or the error cannot be made part of the appellate 
record. Id.; Canadian Helicopters Ltd., 876 S.W.2d at 306; Walker, 
827 S.W.2d at 843-44.
IV. September 
24, 2004 Order Striking Demand for Appraisal
        A. 
Clarendon Did Not Waive Demand for Appraisal
        Goff 
claims that Clarendon waived its right to an appraisal or is estopped from 
seeking an appraisal because its conduct is inconsistent with a demand for an 
appraisal and because it breached the insurance contract by failing to remit 
timely payments. The issue of waiver in conjunction with a demand for appraisal 
was decided long ago by the Texas Supreme Court. In Scottish Union & 
National Insurance Company v. Clancey, the issue was whether compliance with 
the stipulations in the policy relating to the proof of loss by the assured and 
the demand for an appraisement of the damaged property were waived by the 
appellant. 18 S.W. 439, 440, 83 Tex. 113, 114 (1892). The court held that
   
[i]t is a well-known principle in this class of cases that the acts relied on as 
constituting a waiver should be such as are reasonably calculated to make the 
assured believe that a compliance on his part with the stipulations providing 
the mode of proof of loss, and regulating the appraisement of the damage done, 
is not desired, and that it would be of no effect if observed by him. It cannot 
be said, in the face of the proof showing that proof of loss was insisted on by 
the company, and that it was endeavoring to ascertain the amount of damages done 
by the fire to the goods of the appellee, that this indicated an intention or 
desire to dispense with the very requirements inserted in the policy for the 
purpose of enabling the company to arrive at this loss. The facts in this case 
show that there was no waiver of the stipulations in the policy relating to 
proof of loss and appraisement of the property. They show, on the other hand, that appellants, through 
their agents and adjuster, were endeavoring to ascertain the amount of damage, 
while the appellee declined to comply with the conditions in the policy, on 
which alone his right to recover depends.
 
Id. 
at 440-41 (emphasis added).
        Here, 
the insurance contract’s appraisal provision does not contain a deadline for 
demanding an appraisal. Thus, Clarendon did not waive the demand-for-appraisal 
provision by failing to assert it within some contractually specified time 
period. Clarendon’s payment of Goff’s invoices for four months likewise does 
not constitute a waiver of the demand-for-appraisal provision. Clarendon 
intended to examine the repairs performed by Goff and match the repairs to the 
invoices submitted by Goff, as it was entitled to under the policy provision 
requiring Goff to permit Clarendon access to the damaged property. An appraisal 
became necessary only when Goff refused Clarendon access to the damaged 
property. We hold that Clarendon did not waive the contract’s 
demand-for-appraisal provision.
        B. Trial Court Abused its Discretion by Striking 
Demand for Appraisal
        The 
parties’ insurance contract contained a specific demand-for-appraisal 
provision. As we have explained, the record does not support Goff’s contention 
that Clarendon waived this provision. Where an insurance contract like the one 
here mandates appraisal to resolve the parties’ dispute regarding the value of 
a loss and where the appraisal provision has not been waived, a trial court 
abuses its discretion and misapplies the law by refusing to enforce the 
appraisal provision. See id. (reversing and remanding for appraisal); see 
also In re Allstate County Mut. Ins. Co., 85 S.W.3d 193, 195-96 (Tex. 2002) 
(orig. proceeding) (holding trial court abused its discretion by construing 
appraisal provision as arbitration agreement and refusing to enforce it); Vanguard 
Underwriters Ins. Co. v. Smith, 999 S.W.2d 448, 451 (Tex. App.—Amarillo 
1999, orig. proceeding) (holding trial court abused its discretion by refusing 
to enforce appraisal provision). We hold that the trial court abused its 
discretion by striking Clarendon’s demand for appraisal in its September 24, 
2004 order.[2]
        C. 
No Adequate Remedy at Law
        Goff 
argues that Clarendon is not entitled to mandamus relief because Clarendon has 
an adequate remedy at law. Specifically, Goff contends that the trial court’s 
rulings do not “go to the heart” of Clarendon’s case and that Clarendon 
may confirm the repair work performed through a request for inspection under 
Texas Rule of Civil Procedure 196.
        The 
Texas Supreme Court recently addressed this issue; that is, whether when a trial 
court abused its discretion by determining that the appraisal clause in an 
insurance policy was unenforceable, the relator had an adequate remedy at law. In 
re Allstate, 85 S.W.3d at 196. The supreme court held that the relator did 
not have an adequate remedy at law because the parties contractually agreed to 
the appraisal clause as the method for determining the amount owed by the 
insurance company to avoid breach of the contract. Id. The supreme court 
explained that if the insurance company’s offer exceeded the appraised value, 
“there would be no breach of contract.” Id. The supreme court noted 
that the appraisals “go to the heart” of the plaintiff’s breach of 
contract claim and held that, at a minimum, denying the appraisals would vitiate 
the insurance company’s ability to defend the breach of contract claim. Id. 
Accordingly, it held that the insurance company had no adequate remedy at law. Id.
        The 
present facts are similar to the facts in In re Allstate. Id. at 195-96. 
The trial court’s striking of Clarendon’s motion for appraisal prevents 
Clarendon from obtaining the independent valuations that could counter at least 
Goff’s breach of contract claim. See id. at 196. The appraisal here, as 
in In re Allstate, goes to the heart of the plaintiff Goff’s breach of 
contract claim. Thus, Clarendon, like Allstate, does not possess an adequate 
remedy at law.
        We 
cannot agree with Goff’s contention that Clarendon possesses an adequate 
remedy under Texas Rule of Civil Procedure 196. Rule 196 might enable Clarendon 
to obtain access to the damaged property, but it would not provide an appraisal 
setting a value concerning the amount of Goff’s loss or cost of repairs. Under 
the insurance contract, the parties contractually agreed that an appraisal would 
be the method used to set such a value, and Clarendon as a matter of law did not 
breach the insurance contract if its payments totaling $263,998.50 for repairs 
to Goff exceed such an appraised value of the loss or the cost of repairs. 
Because Clarendon at this point seeks an appraisal, not the right to inspect the 
damaged property, Rule 196 does not provide an adequate remedy at law. Having 
already determined that the trial court abused its discretion by striking 
Clarendon’s motion for appraisal, we further hold that Clarendon possesses no 
adequate remedy at law.
V. The 
September 7, 2004 Order Denying Motion to Dismiss or Abate
        Clarendon 
also argues that the trial court abused its discretion by denying its motion to 
abate. Goff contends that the failure of a trial court to grant a motion to 
abate is not subject to mandamus. We agree. The trial court did not abuse its 
discretion by denying Clarendon’s motion to abate Goff’s lawsuit pending an 
appraisal. See id. at 196 (refusing to hold that a trial court abuses its 
discretion by refusing to abate a suit pending an appraisal). We hold that the 
trial court did not abuse its discretion by denying Clarendon’s motion to 
abate. See id.
VI. Conclusion
        We 
deny Clarendon’s petition for writ of mandamus concerning the trial court’s 
September 7, 2004 order. We conditionally grant the writ as it pertains to the 
appraisal. The trial court is ordered to vacate its order of September 24, 2004, 
to grant Clarendon’s motion for appraisal, and to order an appraisal in 
compliance with section I, paragraph 7 of the insurance agreement. We are 
confident that the trial court will comply with this opinion within the next 
thirty days. The writ will issue only if the trial court fails to comply.
  
   
                                                                  SUE 
WALKER
                                                                  JUSTICE
  
  
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DELIVERED: 
December 23, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The parties dispute whether Goff would allow Clarendon in his house to verify 
the repairs and whether Goff’s invoices were properly in order. It is 
undisputed, however, that the parties have failed to agree “on the actual cash 
value, amount of loss, or cost of repair or replacement,” so that either party 
was entitled to “make a written demand for appraisal.”