In re Clarendon Insurance Company

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-305-CV

IN RE CLARENDON INSURANCE COMPANY RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In this original proceeding, relator Clarendon Insurance Company complains that the trial court abused its discretion by entering a September 7, 2004 order denying Clarendon’s motion to dismiss or in the alternative to abate and by entering a September 24, 2004 order granting real party in interest Tommy Goff’s motion to strike Clarendon’s demand for appraisal.  We hold that the trial court did not abuse its discretion by denying relator’s motion to dismiss or in the alternative to abate but did abuse its discretion by striking relator’s demand for appraisal.  Accordingly, we will deny the writ as to the September 7, 2004 order but will conditionally grant the writ as to the September 24, 2004 order.

II.  Factual and Procedural Background

Goff filed a claim under his homeowner’s i
nsurance policy, issued by Clarendon, for water damage and mold damage to his home
.  Clarendon enlisted the help of a third-party claims administrator, and that third-party claims administrator then enlisted the services of William C. Richardson to adjust Goff’s losses.  Richardson learned that Goff was a homebuilder by profession and verbally agreed to allow Goff to do his own repair work. 
Richardson did not prepare any paperwork affixing the amount of the loss. 
Instead, Goff was to submit invoices for the repair work he performed, and Clarendon planned to reimburse Goff monthly. 

Clarendon paid Goff $263,998.50 for repairs over approximately four months.  
After making these payments, Clarendon became concerned about the manner in which Goff’s claims were being handled by the third-party claims administrator.  As a result, in April 2003, Clarendon hired a new third-party claims administrator.  The new third-party claims administrator retained another firm to examine the validity of Goff’s claims as insured losses, and the firm began its review in June 2003. 

Shortly after Clarendon hired the new third-party claims administrator, it quit making payments to Goff.  Clarendon explained that Goff refused to allow anyone to enter his home to videotape or photograph the repairs.  Goff’s insurance contract with Clarendon provided that it was Goff’s duty after a loss to “as often as we reasonably require . . . provide [Clarendon] access to the damaged property.”  Clarendon explained that it desired to access the damaged property to match the repairs actually made with the repairs it had paid Goff for performing.  Clarendon quit paying Goff because it could not verify his invoices. 
 On August 13, 2003, Goff made a policy limits settlement demand to Clarendon.  Five days later, Goff filed suit against Clarendon.  
During the discovery period, Clarendon sent Goff a demand for appraisal based on a provision in its insurance contract with Goff which provides, “[i]f you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal.”  Goff filed a motion to strike Clarendon’s demand for appraisal. 

Clarendon then filed a motion to dismiss or abate Goff’s lawsuit.  Clarendon asserted that its contract with Goff did not permit Goff to bring suit unless he complied with the policy’s provisions.  Clarendon claimed that Goff had not complied with the policy provisions and that his suit should be dismissed because he had refused to allow Clarendon access to the damaged property.  Clarendon also claimed that Goff’s suit should be abated because Clarendon had invoked the demand-for-appraisal provision of the contract.  
Clarendon claimed Goff’s suit should be abated pending the outcome of an appraisal.

On September 7, 2004, the trial court signed an order denying Clarendon’s motion to dismiss or in the alternative to abate.  On September 24, 2004, the trial court 
signed an order granting Goff’s motion to strike Clarendon’s appraisal demand.  The case was ordered to mediation, and Clarendon’s petition for writ of mandamus followed.

III.  Standard of Review

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.  
Id.
  With respect to the resolution of factual issues or matters committed to the trial court’s discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court’s decision is arbitrary and unreasonable.  
Id.
 at 839-40.  This burden is a heavy one.  
Canadian Helicopters, Ltd. v. Wittig
, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  Our review is much less deferential with respect to a trial court’s determination of the legal principles controlling its ruling because a trial court has no discretion in determining what the law is or in applying the law to the facts.  
Walker
, 827 S.W.2d at 840.  Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.  
Id.

Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate appellate remedy.  
In re Van Waters & Rogers, Inc.
, 145 S.W.3d 203, 210-11 (Tex. 2004) (citing 
Walker, 
827 S.W.2d at 839).  An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party’s ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record.  
Id
.; 
Canadian Helicopters Ltd., 
876 S.W.2d at 306; 
Walker, 
827 S.W.2d at 843-44.

IV.  September 24, 2004 Order Striking Demand for Appraisal

A.  Clarendon Did Not Waive Demand for Appraisal 

Goff claims that Clarendon 
waived its right to an appraisal or is estopped from seeking an appraisal because its conduct is inconsistent with a demand for an appraisal and because it breached the insurance contract by failing to remit timely payments.  The issue of waiver in conjunction with a demand for appraisal was decided long ago by the Texas Supreme Court.  In 
Scottish Union & National Insurance Company v. Clancey
, the issue was whether compliance with the stipulations in the policy relating to the proof of loss by the assured and the demand for an appraisement of the damaged property were waived by the appellant.  18 S.W. 439, 440, 83 Tex. 113, 114 (1892).  The court held that

[i]t is a well-known principle in this class of cases that the acts relied on as constituting a waiver should be such as are reasonably calculated to make the assured believe that a compliance on his part with the stipulations providing the mode of proof of loss, and regulating the appraisement of the damage done, is not desired, and that it would be of no effect if observed by him.  It cannot be said, in the face of the proof showing that proof of loss was insisted on by the company, and that it was endeavoring to ascertain the amount of damages done by the fire to the goods of the appellee, that this indicated an intention or desire to dispense with the very requirements inserted in the policy for the purpose of enabling the company to arrive at this loss.  The facts in this case show that there was no waiver of the stipulations in the policy relating to proof of loss and appraisement of the property.  
They show, on the other hand, that appellants, through their agents and adjuster, were endeavoring to ascertain the amount of damage, while the appellee declined to comply with the conditions in the policy, on which alone his right to recover depends.

Id.
 at 440-41 (emphasis added).

Here, the insurance contract’s appraisal provision does not contain a deadline for demanding an appraisal.  Thus, Clarendon did not waive the demand-for-appraisal provision by failing to assert it within some contractually specified time period.  Clarendon’s payment of Goff’s invoices for four months likewise does not constitute a waiver of the demand-for-appraisal provision.  Clarendon intended to examine the repairs performed by Goff and match the repairs to the invoices submitted by Goff, as it was entitled to under the policy provision requiring Goff to permit Clarendon access to the damaged property.  An appraisal became necessary only when Goff refused Clarendon access to the damaged property.  We hold that Clarendon did not waive the contract’s demand-for-appraisal provision. 

B.  Trial Court Abused its Discretion by Striking Demand for Appraisal

The parties’ insurance contract contained a specific demand-for-appraisal provision.  As we have explained, the record does not support Goff’s contention that Clarendon waived this provision.  
Where an insurance contract like the one here mandates appraisal to resolve the parties’ dispute
 regarding the value of a loss and where the appraisal provision has not been waived, a trial court abuses its discretion and misapplies the law by refusing to enforce the appraisal provision.  
See id.
 (reversing and remanding for appraisal); 
see also In re Allstate County Mut. Ins. Co.
, 85 S.W.3d 193, 195-96 (Tex. 2002) (orig. proceeding) 
(holding trial court abused its discretion by construing appraisal provision as arbitration agreement and refusing to enforce it); 
Vanguard Underwriters Ins. Co. v. Smith
, 999 S.W.2d 448, 451 (Tex. App.—Amarillo 1999, orig. proceeding) (holding trial court abused its discretion by refusing to enforce appraisal provision).  
We hold that the trial court abused its discretion by striking Clarendon’s demand for appraisal in its September 24, 2004 order.
(footnote: 2) 

C.  No Adequate Remedy at Law

Goff argues that Clarendon is not entitled to mandamus relief because Clarendon has an adequate remedy at law.  Specifically, Goff contends that the trial court’s rulings do not “go to the heart” of Clarendon’s case and that Clarendon may confirm the repair work performed through a request for inspection under Texas Rule of Civil Procedure 196. 

The Texas Supreme Court recently addressed this issue; that is, whether when a trial court abused its discretion by determining that the appraisal clause in an insurance policy was unenforceable, the relator had an adequate remedy at law.  
In re Allstate
, 85 S.W.3d at 196.  The supreme court held that the relator did not have an adequate remedy at law because the parties contractually agreed to the appraisal clause as the method for determining the amount owed by the insurance company to avoid breach of the contract.  
Id.  
The supreme court explained that if the insurance company’s offer exceeded the appraised value, “there would be no breach of contract.”  
Id.
  The supreme court noted that the appraisals “go to the heart” of the plaintiff’s breach of contract claim and held that, at a minimum, denying the appraisals would vitiate the insurance company’s ability to defend the breach of contract claim.  
Id.
  Accordingly, it held that the insurance company had no adequate remedy at law. 
 Id.

The present facts are similar to the facts in 
In re Allstate.  Id
. at 195-96.  The trial court’s striking of Clarendon’s motion for appraisal  prevents Clarendon from obtaining the independent valuations that could counter at least Goff’s breach of contract claim
.  
See id. 
at 196.  The appraisal here, as in 
In re Allstate
, goes to the heart of the plaintiff Goff’s breach of contract claim.  Thus, Clarendon, like Allstate, does not possess an adequate remedy at law. We cannot agree with Goff’s contention that Clarendon possesses an adequate remedy under Texas Rule of Civil Procedure 196. 
 Rule 196 might enable Clarendon to obtain access to the damaged property, but it would not provide an appraisal setting a value concerning the amount of Goff’s loss or cost of repairs.  Under the insurance contract, the parties contractually agreed that an appraisal would be the method used to set such a value, and Clarendon as a matter of law did not breach the insurance contract if its payments totaling $263,998.50 for repairs 
to Goff exceed such an appraised value of the loss or the cost of repairs.  Because Clarendon at this point seeks an appraisal, not the right to inspect the damaged property, Rule 196 does not provide an adequate remedy at law.  Having already determined that the trial court abused its discretion by striking Clarendon’s motion for appraisal, we further hold that Clarendon possesses no adequate remedy at law.

V.  The September 7, 2004 Order Denying Motion to Dismiss or Abate

Clarendon also argues that the trial court abused its discretion by denying its motion to abate.  Goff contends that the failure of a trial court to grant a motion to abate is not subject to mandamus
.  We agree.  The trial court did not abuse its discretion by denying Clarendon’s motion to abate Goff’s lawsuit pending an appraisal.  
See id. 
at 196 (refusing to hold that a trial court abuses its discretion by refusing to abate a suit pending an appraisal).  We hold that 
the trial court did not abuse its discretion by denying Clarendon’s motion to abate.  
See id.

VI.  Conclusion

We deny Clarendon’s petition for writ of mandamus concerning the trial court’s September 7, 2004 order.  We conditionally grant the writ as it pertains to the appraisal.  The trial court is ordered to vacate its order of September 24, 2004, to grant Clarendon’s motion for appraisal, and to order an appraisal in compliance with section I, paragraph 7 of the insurance agreement.  We are confident that the trial court will comply with this opinion within the next thirty days.  The writ will issue only if the trial court fails to comply.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED: December 23, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
T
he parties dispute whether Goff would allow Clarendon in his house to verify the repairs and whether Goff’s invoices were properly in order.  It is undisputed, however, that the parties have failed to agree “on the actual cash value, amount of loss, or cost of repair or replacement,” so that either party was entitled to “make a written demand for appraisal.”