In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-533 CV


____________________



IN RE SAFECO LLOYDS INSURANCE COMPANY







Original Proceeding






MEMORANDUM OPINION


 Gladys Shadden sued Safeco Lloyds Insurance Company ("Safeco") for breach of
contract. Shadden seeks to recover the fair market value of a motor vehicle damaged in
an accident with an underinsured motorist. The parties dispute the vehicle's value. The
insurance contract contains an appraisal clause, but the trial court denied Safeco's
combined plea in abatement and motion to compel appraisal. We conditionally grant
relief.

 The contract provides for an appraisal process, as follows: 

 If we and you do not agree on the amount of loss, either may demand an
appraisal of the loss. In this event, each party will select a competent
appraiser. The two appraisers will select an umpire. The appraisers will
state separately the actual cash value and the amount of loss. If they fail to
agree, they will submit their differences to the umpire. A decision agreed
to by any two will be binding. Each party will:


 1. Pay its chosen appraiser; and 


 2. Bear the expenses of the appraisal and umpire equally.


 Appraisal clauses are enforceable. See In re Allstate County Mut. Ins. Co., 85
S.W.3d 193, 195 (Tex. 2002). Because a refusal to enforce the appraisal process would
prevent the defendants from obtaining independent valuations that could counter the
plaintiffs' breach of contract claims, the Supreme Court held the trial court abused its
discretion by refusing to enforce the provision. Id. at 196. 

 Shadden contends Allstate is distinguishable because the appraisal clause in Safeco's
insurance contract does not provide for an alternate means of selecting an umpire in the
event the appraisers cannot agree on an umpire. She argues the insurance company could
invoke the appraisal clause then refuse to agree on an umpire and thus never have to pay. 


 Under the plain language of the policy, it is not the insurance company and the
insured who select the umpire, but the appraisers. Were Safeco to interfere with orderly
implementation of the appraisal process, conceivably the trial court might reasonably find
the insurer to be estopped from invoking the appraisal process. That possibility is at best
speculative because there is no evidence in the record that Safeco engaged in any act
inconsistent with its demand for an appraisal. See Scottish Union & Nat. Ins. Co. v.
Clancey, 83 Tex. 113, 18 S.W. 439, 440-41 (1892) (Holding insurance company did not
waive demand for appraisal where the insurer's actions were consistent with endeavoring
to ascertain the amount of damage but the insured declined to comply with the policy
conditions.). 

 The parties agreed to submit to an appraisal process to determine the cash value and
the amount of loss. Safeco did not waive its right to invoke the provision by engaging in
behavior inconsistent with the exercise of its rights, and the trial court abused its discretion
by denying the motion to compel an appraisal. As was the case in Allstate, the trial court's
action denies Safeco the development of proof going to the heart of its case, and therefore
cannot be remedied by appeal. Allstate, 85 S.W.3d at 196. 

 We conditionally grant mandamus relief. We lift our temporary relief order of
December 28, 2005, so that the trial court may order the appraisal process be initiated
within a reasonable time and proceed with the case in a way that does not deprive Safeco
of its contractual right to an appraisal of the insured property. We trust that the trial court
will comply with this Opinion; the writ will issue only if the trial court fails to do so.

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on December 22, 2005

Opinion Delivered January 19, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.