NO. 07-07-0211-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 9, 2007


______________________________



IN RE ACADIA INSURANCE COMPANY


_________________________________






Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION


 Relator, Acadia Insurance Company (Acadia), petitions this Court to grant a writ of
mandamus directing the Honorable Ruben Reyes, presiding judge of the 72nd District Court
of Lubbock County, to enter an order to 1) grant Acadia's motion to invoke appraisal, 2)
grant Acadia's plea in abatement, and 3) vacate it's order on real party in interest's,
Bemove, LLC (Bemove), motion to compel deposition and to preclude appraisal. We deny
the relief requested.

Background


 Acadia provided property insurance to Bemove under a policy with an inception date
of April 1, 2005. Bemove alleges it suffered hail damage to the roofs of two structures
covered by the policy on May 31, 2005. Accordingly, on September 12, 2005, Bemove
filed a claim with Acadia. In a letter dated December 28, 2005, Acadia denied Bemove's
claim stating that the hail damage pre-dated the inception date of the policy. Bemove filed
suit on August 26, 2006 alleging breach of contract, breach of duty of good faith and fair
dealing and DTPA (1) violations. On April 4, 2007, Bemove filed a motion to compel
depositions and preclude appraisal. On April 6, 2007, Acadia filed a motion to invoke the
appraisal clause of the insurance policy and a plea in abatement. The trial court heard the
opposing motions regarding the appraisal on April 13, 2007. The trial court denied
Acadia's motions and granted the relief requested by Bemove. It is from these rulings that
Acadia brings this petition for mandamus relief.

Standard of Review


 Mandamus will issue only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy at law. Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992, orig. proceeding). This is an extremely heavy burden on
relator. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994, orig.
proceeding). To establish an abuse of discretion, the complaining party must demonstrate
that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and
principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985). An appellate court may not resolve factual disputes in an original mandamus
proceeding. See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991) (citing
Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex.1990)); In re Jones, 978
S.W.2d 648, 652 (Tex.App.-Amarillo 1998, orig. proceeding). When the issues before the
trial court require a factual determination, an appellate court abuses its discretion when it
resolves those issues in an original mandamus proceeding. Hooks, 808 S.W.2d at 60. 
Neither may we substitute our judgment about disputed factual issues for that of the trial
court unless the relator can establish that the trial court could have reasonably only reached
one decision and that the trial court's decision is arbitrary and unreasonable. Walker, 827
S.W.2d at 839-40. But, a trial court has no discretion in determining what the law is or in
applying the law to the facts. Id. at 840. Failure to either correctly analyze or apply the law
will constitute an abuse of discretion. Id. 

Analysis


 The record of the hearing on the competing motions provides the basis to determine
whether or not the trial court abused its discretion. Acadia contends that the issue before
the trial court was simply a matter of law, whereas, Bemove contends that the trial court was
required to make a factual determination and then a legal conclusion based upon the factual
finding. Both parties contend the issue of waiver of the right of appraisal is the controlling
issue in the case. We note that waiver is an affirmative defense that can be asserted
against a party who intentionally relinquishes a known right or engages in intentional
conduct inconsistent with claiming that right. Tenneco, Inc. v. Enterprise Prods. Co., 925
S.W.2d 640, 643 (Tex. 1996). A waivable right may spring from the law or from a contract. 
Id. The question of intent to waive the right is the key inquiry. Rodriguez v. Classical
Custom Homes, Inc., 176 S.W.3d 928, 932 (Tex.App.-Dallas 2005, no pet.). Whether
waiver has occurred is a question of fact for the trier of fact. Id. 

 All matters were submitted to the trial court at the hearing on April 13, 2007. The
record of that hearing reveals that Bemove was clearly arguing that Acadia had waived its
right to demand an appraisal. In support of this argument, Bemove submitted a number of
exhibits. Exhibit 4, a letter from Acadia's office adjuster to Bemove, concludes by stating
that Acadia's inspection revealed "no apparent damage to the building['s] two roofs from
wind/hail within the policy period of this policy. . . ." Exhibit 5, a letter to Bemove from
Acadia's counsel, dated August 17, 2005, discussing the appraisal section of the insurance
policy in question, is quite clear that Acadia does not think the claim in question was a
covered event and, furthermore, indicates that Acadia cannot be required to submit the
claim for an appraisal if there is no coverage. Finally, counsel unequivocally states, in
Exhibit 5, that Acadia is not willing to waive its coverage issue. During the argument of the
competing motions on April 13, 2005, the trial court discussed the issue of waiver at length
with both counsel and it is clear from those discussions that the trial court was attempting
to make a factual determination about whether Acadia had waived its right to demand an
appraisal by its August 17, 2005 letter. By the granting of Bemove's motions and the denial
of Acadia's motion, it is clear that the trial court resolved this factual dispute against Acadia. 
Accordingly, we are not free to substitute our judgment for that of the trial court. Walker,
827 S.W.2d at 839-40. 

 Acadia posits that the trial court's decision to refuse to order an appraisal is an
application of the law to the facts and, therefore, the trial court's ruling was an abuse of
discretion based upon the cases cited by Acadia. However, Acadia has not provided this
court with any analysis of how, under the record, we could have reached only one decision,
that Acadia had not knowingly waived its right to require an appraisal. Id. Rather, Acadia's
entire argument is that the delay in requesting the appraisal was not so long as to amount
to a waiver and that the courts in the State of Texas have routinely granted mandamus even
when the request was made after suit had been filed. Both of these positions may be
correct, however, neither position answers the waiver allegation asserted by Bemove. It is
clear that denying coverage under an insurance policy does, in fact, waive the right of the
insurer to request an appraisal. American Cent. Ins. Co. v. Terry, 26 S.W.2d 162, 166
(Tex.Comm.App. 1930, holding approved). That this principal was understood by Acadia
is evidenced in the record by Acadia's counsel advising Bemove that Acadia could not
agree to an appraisal because it did not want to waive its coverage issue.

 The exhibits referred to above clearly demonstrate that Acadia was aware of its right
to require an appraisal. The trial court had before it evidence that Acadia intentionally and
unequivocally relinquished the right so that it could challenge coverage and, thus, waived
that right. Tenneco, Inc., 925 S.W.2d at 643. Therefore, Acadia has failed to establish its
right to mandamus relief because it has failed to show that the trial court could reasonably
have reached only one decision. Walker, 827 S.W.2d at 839-40. Accordingly, the trial
court's action was not a clear abuse of discretion.

 As stated above, Acadia posits that the action of the trial court was a clear abuse of
discretion because the trial court misapplied the law to the facts. Accordingly, Acadia has
cited us to a number of Texas cases which, on their face, all seem to hold that the denial
of a request for an appraisal when the insurance contract includes an appraisal clause is
an abuse of discretion. See In re Allstate County Mut. Ins. Co., 85 S.W.3d 193 (Tex. 2002);
Scottish Union & Nat'l Ins. Co. v. Clancey, 83 Tex. 113, 18 S.W. 439 (Tex. 1892); Johnson
v. State Farm Lloyds, 204 S.W.3d 897 (Tex.App.-Dallas 2006, pet. filed); In re State Farm
Lloyds, Inc., 170 S.W.3d 629 (Tex.App.-El Paso 2005, orig. proceeding); Vanguard
Underwriters Ins. Co. v. Smith, 999 S.W.2d 448 (Tex.App.-Amarillo 1999, no pet.). 
However, a close reading of the facts and holdings of each of these cases reveals that each
is either factually or legally distinguishable from the question before us. 

 In the case of In re Allstate Ins. Co., the issue was the trial court's legal determination
that the appraisal clause was in fact an arbitration clause and, therefore, not enforceable. 
 In re Allstate Ins. Co., 85 S.W.3d at 194. The Texas Supreme Court held that the trial court
failed to analyze or apply the law correctly and, as such, abused its discretion. Id. at 195. 
In the Scottish Union case, the Texas Supreme Court was not dealing with a mandamus
issue, rather it was addressing a jury finding that the insurance company had waived its
right to demand compliance with the appraisal section of the contract. Scottish Union,18
S.W. at 440. Additionally, the facts of that case clearly demonstrate that the evidence did
not support a waiver of the right to an appraisal by the insurance company. Id. Johnson
was an appeal from the granting of a summary judgment in favor of State Farm. Johnson,
204 S.W.3d at 898-99. Accordingly, the standard of review was de novo and not an abuse
of discretion standard. Id. Further, the issue decided by the court was the application of
the appraisal provision when the contention was extent or amount of loss. Id. at 903. The
issue of waiver of the appraisal right was not before the court. In In re State Farm Lloyds,
the trial court had denied a request for an appraisal based upon the insured's argument that
the company had waived its right to an appraisal. However, the El Paso Court of Appeals
found that the insured had not offered any evidence to support her assertion that the
insurance company intentionally relinquished its right to seek an appraisal. In re State Farm
Lloyds, 170 S.W.3d at 634. Accordingly, the court conditionally granted State Farm Lloyds's 
petition for writ of mandamus. In the Vanguard Underwriters case, there was no factual
dispute about whether the insurance company waived its right to enforce the appraisal
provision of the policy, rather the only question before the court was whether Vanguard
presented an appellate record sufficient to support its mandamus request. Vanguard
Underwriters, 999 S.W.2d at 450. We conclude that each of these cases are
distinguishable from the present case and are not controlling on the issues presented.

 Conclusion 


 Based upon the record, we cannot say that the trial court abused its discretion in
refusing Acadia's request for an appraisal. Accordingly, the request for mandamus relief
is denied.

 

 Mackey K. Hancock

 Justice




 
1. Tex. Bus. & Comm. Code Ann. Chapt. 17 (Vernon Supp. 2006).