NO. 07-08-0252-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 5, 2008

______________________________


JAN MURRAY McDONALD, APPELLANT

V.

WELLS FARGO BANK NATIONAL AS TRUSTEE, ET AL., APPELLEES

_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 58985B; HONORABLE JOHN B. BOARD, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Proceeding pro se, Appellant, Jan Murray McDonald, brought this appeal from the
trial court’s final summary judgment in favor of Appellees, Wells Fargo Bank National as
Trustee, et al. (Wells Fargo). Pending before this Court is Wells Fargo’s Motion to Dismiss
for Want of Jurisdiction by which it contends that McDonald’s notice of appeal was
untimely. We agree and grant the motion and dismiss.
          Final summary judgment was signed by the trial court on March 12, 2008. 
McDonald filed a request for findings of fact and conclusions of law on March 28, 2008. 
He then filed his notice of appeal on June 9, 2008. Wells Fargo filed its motion to dismiss
on June 27, 2008. By letter dated July 10, 2008, this Court advised McDonald of the
untimely notice and directed that he demonstrate why this appeal should not be dismissed
for want of jurisdiction on or before July 21, 2008. Tex. R. App. P. 42.3(a). McDonald did
not respond.
          A notice of appeal is due within thirty days after judgment is signed. Tex. R. App.
P. 26.1. The deadline is extended to ninety days under certain circumstances. Tex. R.
App. P. 26.1(a). One of those circumstances is timely filing a request for findings of fact
and conclusions of law “if findings and conclusions either are required by the Rules of Civil
Procedure or, if not required, could properly be considered by the appellate court;”
(emphasis added). Tex. R. App. P. 26.1(a)(4). However, findings of fact and conclusions
of law are not proper in reviewing a summary judgment and do not extend the time in which
to file a notice of appeal from thirty days to ninety days. See Linwood v. NCNB Texas, 885
S.W.2d 102, 103 (Tex. 1994). See also IKB Industries Ltd. v. Pro-Line Corp., 938 S.W.2d
440, 443 (Tex. 1997).
          The summary judgment was signed on March 12, 2008, making the notice of appeal
due on or before April 11, 2008. The notice of appeal filed on June 9, 2008, eighty-nine
days after judgment was signed, is untimely. Consequently, this Court lacks jurisdiction
to review McDonald’s appeal.
          Accordingly, Wells Fargo National Bank as Trustee, et al.’s Motion to Dismiss for
Want of Jurisdiction is granted and the appeal is dismissed for want of jurisdiction.


                                                                           Patrick A. Pirtle

                                                                                 Justice




e submitted a number of
exhibits. Exhibit 4, a letter from Acadia's office adjuster to Bemove, concludes by stating
that Acadia's inspection revealed "no apparent damage to the building['s] two roofs from
wind/hail within the policy period of this policy. . . ." Exhibit 5, a letter to Bemove from
Acadia's counsel, dated August 17, 2005, discussing the appraisal section of the insurance
policy in question, is quite clear that Acadia does not think the claim in question was a
covered event and, furthermore, indicates that Acadia cannot be required to submit the
claim for an appraisal if there is no coverage. Finally, counsel unequivocally states, in
Exhibit 5, that Acadia is not willing to waive its coverage issue. During the argument of the
competing motions on April 13, 2005, the trial court discussed the issue of waiver at length
with both counsel and it is clear from those discussions that the trial court was attempting
to make a factual determination about whether Acadia had waived its right to demand an
appraisal by its August 17, 2005 letter. By the granting of Bemove's motions and the denial
of Acadia's motion, it is clear that the trial court resolved this factual dispute against Acadia. 
Accordingly, we are not free to substitute our judgment for that of the trial court. Walker,
827 S.W.2d at 839-40. 

 Acadia posits that the trial court's decision to refuse to order an appraisal is an
application of the law to the facts and, therefore, the trial court's ruling was an abuse of
discretion based upon the cases cited by Acadia. However, Acadia has not provided this
court with any analysis of how, under the record, we could have reached only one decision,
that Acadia had not knowingly waived its right to require an appraisal. Id. Rather, Acadia's
entire argument is that the delay in requesting the appraisal was not so long as to amount
to a waiver and that the courts in the State of Texas have routinely granted mandamus even
when the request was made after suit had been filed. Both of these positions may be
correct, however, neither position answers the waiver allegation asserted by Bemove. It is
clear that denying coverage under an insurance policy does, in fact, waive the right of the
insurer to request an appraisal. American Cent. Ins. Co. v. Terry, 26 S.W.2d 162, 166
(Tex.Comm.App. 1930, holding approved). That this principal was understood by Acadia
is evidenced in the record by Acadia's counsel advising Bemove that Acadia could not
agree to an appraisal because it did not want to waive its coverage issue.

 The exhibits referred to above clearly demonstrate that Acadia was aware of its right
to require an appraisal. The trial court had before it evidence that Acadia intentionally and
unequivocally relinquished the right so that it could challenge coverage and, thus, waived
that right. Tenneco, Inc., 925 S.W.2d at 643. Therefore, Acadia has failed to establish its
right to mandamus relief because it has failed to show that the trial court could reasonably
have reached only one decision. Walker, 827 S.W.2d at 839-40. Accordingly, the trial
court's action was not a clear abuse of discretion.

 As stated above, Acadia posits that the action of the trial court was a clear abuse of
discretion because the trial court misapplied the law to the facts. Accordingly, Acadia has
cited us to a number of Texas cases which, on their face, all seem to hold that the denial
of a request for an appraisal when the insurance contract includes an appraisal clause is
an abuse of discretion. See In re Allstate County Mut. Ins. Co., 85 S.W.3d 193 (Tex. 2002);
Scottish Union & Nat'l Ins. Co. v. Clancey, 83 Tex. 113, 18 S.W. 439 (Tex. 1892); Johnson
v. State Farm Lloyds, 204 S.W.3d 897 (Tex.App.-Dallas 2006, pet. filed); In re State Farm
Lloyds, Inc., 170 S.W.3d 629 (Tex.App.-El Paso 2005, orig. proceeding); Vanguard
Underwriters Ins. Co. v. Smith, 999 S.W.2d 448 (Tex.App.-Amarillo 1999, no pet.). 
However, a close reading of the facts and holdings of each of these cases reveals that each
is either factually or legally distinguishable from the question before us. 

 In the case of In re Allstate Ins. Co., the issue was the trial court's legal determination
that the appraisal clause was in fact an arbitration clause and, therefore, not enforceable. 
 In re Allstate Ins. Co., 85 S.W.3d at 194. The Texas Supreme Court held that the trial court
failed to analyze or apply the law correctly and, as such, abused its discretion. Id. at 195. 
In the Scottish Union case, the Texas Supreme Court was not dealing with a mandamus
issue, rather it was addressing a jury finding that the insurance company had waived its
right to demand compliance with the appraisal section of the contract. Scottish Union,18
S.W. at 440. Additionally, the facts of that case clearly demonstrate that the evidence did
not support a waiver of the right to an appraisal by the insurance company. Id. Johnson
was an appeal from the granting of a summary judgment in favor of State Farm. Johnson,
204 S.W.3d at 898-99. Accordingly, the standard of review was de novo and not an abuse
of discretion standard. Id. Further, the issue decided by the court was the application of
the appraisal provision when the contention was extent or amount of loss. Id. at 903. The
issue of waiver of the appraisal right was not before the court. In In re State Farm Lloyds,
the trial court had denied a request for an appraisal based upon the insured's argument that
the company had waived its right to an appraisal. However, the El Paso Court of Appeals
found that the insured had not offered any evidence to support her assertion that the
insurance company intentionally relinquished its right to seek an appraisal. In re State Farm
Lloyds, 170 S.W.3d at 634. Accordingly, the court conditionally granted State Farm Lloyds's 
petition for writ of mandamus. In the Vanguard Underwriters case, there was no factual
dispute about whether the insurance company waived its right to enforce the appraisal
provision of the policy, rather the only question before the court was whether Vanguard
presented an appellate record sufficient to support its mandamus request. Vanguard
Underwriters, 999 S.W.2d at 450. We conclude that each of these cases are
distinguishable from the present case and are not controlling on the issues presented.

 Conclusion 


 Based upon the record, we cannot say that the trial court abused its discretion in
refusing Acadia's request for an appraisal. Accordingly, the request for mandamus relief
is denied.

 

 Mackey K. Hancock

 Justice




 
1. Tex. Bus. & Comm. Code Ann. Chapt. 17 (Vernon Supp. 2006).