NO. 07-07-0211-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 9, 2007
_____

IN RE ACADIA INSURANCE COMPANY
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Relator, Acadia Insurance Company (Acadia), petitions this Court to grant a writ of mandamus directing the Honorable Ruben Reyes, presiding judge of the 72nd District Court of Lubbock County, to enter an order to 1) grant Acadia's motion to invoke appraisal, 2) grant Acadia's plea in abatement, and 3) vacate it's order on real party in interest's, Bemove, LLC (Bemove), motion to compel deposition and to preclude appraisal. We deny the relief requested.

Background

Acadia provided property insurance to Bemove under a policy with an inception date of April 1, 2005. Bemove alleges it suffered hail damage to the roofs of two structures covered by the policy on May 31, 2005. Accordingly, on September 12, 2005, Bemove filed a claim with Acadia. In a letter dated December 28, 2005, Acadia denied Bemove's

claim stating that the hail damage pre-dated the inception date of the policy. Bemove filed suit on August 26, 2006 alleging breach of contract, breach of duty of good faith and fair dealing and DTPA[1] violations. On April 4, 2007, Bemove filed a motion to compel depositions and preclude appraisal. On April 6, 2007, Acadia filed a motion to invoke the appraisal clause of the insurance policy and a plea in abatement. The trial court heard the opposing motions regarding the appraisal on April 13, 2007. The trial court denied Acadia's motions and granted the relief requested by Bemove. It is from these rulings that Acadia brings this petition for mandamus relief.

Standard of Review

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992, orig. proceeding). This is an extremely heavy burden on relator. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994, orig. proceeding). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). An appellate court may not resolve factual disputes in an original mandamus proceeding. See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991) (citing Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex.1990)); In re Jones, 978 S.W.2d 648, 652 (Tex.App.–Amarillo 1998, orig. proceeding). When the issues before the

---

[1]TEX. BUS. & COMM. CODE ANN. Chapt. 17 (Vernon Supp. 2006).

2

trial court require a factual determination, an appellate court abuses its discretion when it resolves those issues in an original mandamus proceeding. Hooks, 808 S.W.2d at 60. Neither may we substitute our judgment about disputed factual issues for that of the trial court unless the relator can establish that the trial court could have reasonably only reached one decision and that the trial court's decision is arbitrary and unreasonable. Walker, 827 S.W.2d at 839-40. But, a trial court has no discretion in determining what the law is or in applying the law to the facts. Id. at 840. Failure to either correctly analyze or apply the law will constitute an abuse of discretion. Id.

## Analysis

The record of the hearing on the competing motions provides the basis to determine whether or not the trial court abused its discretion. Acadia contends that the issue before the trial court was simply a matter of law, whereas, Bemove contends that the trial court was required to make a factual determination and then a legal conclusion based upon the factual finding. Both parties contend the issue of waiver of the right of appraisal is the controlling issue in the case. We note that waiver is an affirmative defense that can be asserted against a party who intentionally relinquishes a known right or engages in intentional conduct inconsistent with claiming that right. Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640, 643 (Tex. 1996). A waivable right may spring from the law or from a contract. Id. The question of intent to waive the right is the key inquiry. Rodriguez v. Classical Custom Homes, Inc., 176 S.W.3d 928, 932 (Tex.App.–Dallas 2005, no pet.). Whether waiver has occurred is a question of fact for the trier of fact. Id.

3

All matters were submitted to the trial court at the hearing on April 13, 2007. The record of that hearing reveals that Bemove was clearly arguing that Acadia had waived its right to demand an appraisal. In support of this argument, Bemove submitted a number of exhibits. Exhibit 4, a letter from Acadia's office adjuster to Bemove, concludes by stating that Acadia's inspection revealed "no apparent damage to the building['s] two roofs from wind/hail within the policy period of this policy. . . ." Exhibit 5, a letter to Bemove from Acadia's counsel, dated August 17, 2005, discussing the appraisal section of the insurance policy in question, is quite clear that Acadia does not think the claim in question was a covered event and, furthermore, indicates that Acadia cannot be required to submit the claim for an appraisal if there is no coverage. Finally, counsel unequivocally states, in Exhibit 5, that Acadia is not willing to waive its coverage issue. During the argument of the competing motions on April 13, 2005, the trial court discussed the issue of waiver at length with both counsel and it is clear from those discussions that the trial court was attempting to make a factual determination about whether Acadia had waived its right to demand an appraisal by its August 17, 2005 letter. By the granting of Bemove's motions and the denial of Acadia's motion, it is clear that the trial court resolved this factual dispute against Acadia. Accordingly, we are not free to substitute our judgment for that of the trial court. Walker, 827 S.W.2d at 839-40.

Acadia posits that the trial court's decision to refuse to order an appraisal is an application of the law to the facts and, therefore, the trial court's ruling was an abuse of discretion based upon the cases cited by Acadia. However, Acadia has not provided this court with any analysis of how, under the record, we could have reached only one decision,

4

that Acadia had not knowingly waived its right to require an appraisal. Id. Rather, Acadia's entire argument is that the delay in requesting the appraisal was not so long as to amount to a waiver and that the courts in the State of Texas have routinely granted mandamus even when the request was made after suit had been filed. Both of these positions may be correct, however, neither position answers the waiver allegation asserted by Bemove. It is clear that denying coverage under an insurance policy does, in fact, waive the right of the insurer to request an appraisal. American Cent. Ins. Co. v. Terry, 26 S.W.2d 162, 166 (Tex.Comm.App. 1930, holding approved). That this principal was understood by Acadia is evidenced in the record by Acadia's counsel advising Bemove that Acadia could not agree to an appraisal because it did not want to waive its coverage issue.

The exhibits referred to above clearly demonstrate that Acadia was aware of its right to require an appraisal. The trial court had before it evidence that Acadia intentionally and unequivocally relinquished the right so that it could challenge coverage and, thus, waived that right. Tenneco, Inc., 925 S.W.2d at 643. Therefore, Acadia has failed to establish its right to mandamus relief because it has failed to show that the trial court could reasonably have reached only one decision. Walker, 827 S.W.2d at 839-40. Accordingly, the trial court's action was not a clear abuse of discretion.

As stated above, Acadia posits that the action of the trial court was a clear abuse of discretion because the trial court misapplied the law to the facts. Accordingly, Acadia has cited us to a number of Texas cases which, on their face, all seem to hold that the denial of a request for an appraisal when the insurance contract includes an appraisal clause is an abuse of discretion. See In re Allstate County Mut. Ins. Co., 85 S.W.3d 193 (Tex. 2002);

5

Scottish Union & Nat'l Ins. Co. v. Clancey, 83 Tex. 113, 18 S.W. 439 (Tex. 1892); Johnson v. State Farm Lloyds, 204 S.W.3d 897 (Tex.App.–Dallas 2006, pet. filed); In re State Farm Lloyds, Inc., 170 S.W.3d 629 (Tex.App.–El Paso 2005, orig. proceeding); Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448 (Tex.App.–Amarillo 1999, no pet.). However, a close reading of the facts and holdings of each of these cases reveals that each is either factually or legally distinguishable from the question before us.

In the case of In re Allstate Ins. Co., the issue was the trial court's legal determination that the appraisal clause was in fact an arbitration clause and, therefore, not enforceable. In re Allstate Ins. Co., 85 S.W.3d at 194. The Texas Supreme Court held that the trial court failed to analyze or apply the law correctly and, as such, abused its discretion. Id. at 195. In the Scottish Union case, the Texas Supreme Court was not dealing with a mandamus issue, rather it was addressing a jury finding that the insurance company had waived its right to demand compliance with the appraisal section of the contract. Scottish Union, 18 S.W. at 440. Additionally, the facts of that case clearly demonstrate that the evidence did not support a waiver of the right to an appraisal by the insurance company. Id. Johnson was an appeal from the granting of a summary judgment in favor of State Farm. Johnson, 204 S.W.3d at 898-99. Accordingly, the standard of review was *de novo* and not an abuse of discretion standard. Id. Further, the issue decided by the court was the application of the appraisal provision when the contention was extent or amount of loss. Id. at 903. The issue of waiver of the appraisal right was not before the court. In In re State Farm Lloyds, the trial court had denied a request for an appraisal based upon the insured's argument that the company had waived its right to an appraisal. However, the El Paso Court of Appeals

6

found that the insured had not offered any evidence to support her assertion that the insurance company intentionally relinquished its right to seek an appraisal. In re State Farm Lloyds, 170 S.W.3d at 634. Accordingly, the court conditionally granted State Farm Lloyds's petition for writ of mandamus. In the Vanguard Underwriters case, there was no factual dispute about whether the insurance company waived its right to enforce the appraisal provision of the policy, rather the only question before the court was whether Vanguard presented an appellate record sufficient to support its mandamus request. Vanguard Underwriters, 999 S.W.2d at 450. We conclude that each of these cases are distinguishable from the present case and are not controlling on the issues presented.

## Conclusion

Based upon the record, we cannot say that the trial court abused its discretion in refusing Acadia's request for an appraisal. Accordingly, the request for mandamus relief is denied.

Mackey K. Hancock
Justice

7