NO. 07-09-0180-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 10, 2009
_____

In re BRIAN FREEMAN BARKLEY,

Relator
_____

***Original Proceeding on Mandamus***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

*If Mom and Dad want to play ping pong, so be it;*
*I just don't want to be the ball.[1]*

Pending before the court is an application from Brian Freeman Barkley for a writ of mandamus. The matter spawns from the divorce between Barkley and Megan Dozier. During the marriage, the two had one child who is the indirect subject of this proceeding. Both parents were appointed the child's joint managing conservators. Dozier, however, was authorized to designate the child's primary residence so long as it was within Potter or Randall County. Eventually, Dozier moved to Cottle County with the child and petitioned to have the Potter/Randall geographic restriction modified. In turn, Barkley sought sanctions and an order holding her in contempt. Via a "temporary order," Dozier was held

_____

[1]A perspective from a child of a broken home.

in contempt but freed from limiting the child's primary residence to either Potter or Randall counties. The trial court allowed her to designate a primary residence within 150 miles of those counties. That resulted in Barkley petitioning for mandamus.

Frankly, we do not know of the particular relief sought by Barkley. He disputes the validity of the trial court's "temporary order" and posits that the trial court should not have conducted a hearing. Yet, instead of suggesting what we should direct the trial court to do, he simply asks that his petition be granted and that he be awarded such other relief to which he may be entitled. Despite this omission, we assume that he wants us to direct the trial court to withdraw its "temporary order." We deny the invitation to do so for several reasons.

Regarding his first complaint, Barkley suggests that the trial court should not have held a hearing on Dozier's request to broaden the geographic restriction because she neglected to attach an affidavit to her petition. Purportedly, §156.102 of the Texas Family Code required her to do so as a prerequisite to receiving an evidentiary hearing. That statute applies to actions wherein one "seek[s] to modify the designation of the person having the exclusive right to designate the primary residence of a child" and obligates the petitioner to "execute and attach an affidavit" to the petition. TEX. FAM. CODE ANN. §156.102(a) (Vernon 2008). Additionally, the affidavit must contain one or more allegations itemized in the statute. Those allegations along with the purported facts accompanying them are the indicia to be used by the trial court to determine whether an evidentiary hearing is warranted. That is, if the affidavit contains "facts adequate to support" one or more of the requisite statutory allegations, then the trial court must schedule the matter for hearing. If not, then it may not. *Id*. §156.102(c).

2

Whether a petition to expand geographic restrictions like that involved here is an effort to "modify the designation of the person having the exclusive right to designate the primary residence of a child" is something we need not address. This is so because the issue before us is moot. *See In re H & R Block Financial Advisors, Inc.,* 262 S.W.3d 896, 900 (Tex. App.–Houston [14th Dist.] 2008, orig. proceeding) (stating that an issue is moot when its resolution is no longer relevant). As previously mentioned, the legislature specified that the affidavit was to be used as a means of determining whether a hearing should be held. Since the trial court actually held the hearing, whether it should hold such a hearing is no longer relevant. Indeed, we analogize the situation to one involving a summary judgment. If a trial court was to grant a partial summary judgment in absence of the necessary evidentiary support but then try the same issue and enter judgment based upon the evidence tendered at trial, it no longer matters whether the evidence supported the summary judgment. This is so because the issue was resolved at trial as opposed to some preliminary procedure which exists for the purpose of assessing whether a trial is needed. So, other than being an academic exercise, it matters not whether evidence exists to warrant a hearing when the court actually holds the hearing and resolves the dispute upon the evidence there tendered. And, that happened here.

Second, because the trial court convened the aforementioned evidentiary hearing, we are precluded from addressing Barkley's second issue. The last encompasses whether there was some evidence to support the trial court's decision to modify the geographic restriction. Because evidence appears of record creating a fact issue for the trial court to decide (*e.g.* Dozier's recent marriage to someone who lives and works outside Potter and Randall counties), we cannot, through mandamus, address whether the evidence was

3

sufficient to support that decision.  *See In re Acadia Ins. Co.,* 279 S.W.3d 777, 779 (Tex.

App.–Amarillo 2007, orig. proceeding) (holding that an appellate court cannot issue a writ

of mandamus where the trial court's decision is based upon disputed evidence).

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Chief Justice