ACCEPTED
14-15-00922-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 11:16:53 PM
CHRISTOPHER PRINE
CLERK

# No. 14-15-00922-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
11/12/2015 11:16:53 PM
CHRISTOPHER A. PRINE
Clerk

In the Court of Appeals
For the Fourteenth Judicial District of Texas
Houston, Texas

IN RE:  AMERICAN RISK INSURANCE COMPANY, INC.

Original Proceeding from Cause No. 14-DCV-213947
In the 268th District Court of Fort Bend County, Texas
Honorable Brady G. Elliot, Presiding Judge

RESPONSE TO PETITION FOR WRIT OF MANDAMUS

HAWASH MEADE GASTON
NEESE & CICACK LLP
Jeremy Gaston
Bar No. 24012685
2118 Smith Street
Houston, Texas 77010
713.658.9001
713.658-9011 (Fax)

*Counsel  for Real Party in Interest
Hussam Barazi*

## IDENTITY OF PARTIES AND COUNSEL

Real party in interest Hussam Barazi certifies that the following is a complete list of the counsel and parties to the judgment from which this mandamus is taken:

**Relator/Defendant:**

American Risk Insurance Company ("ARIC")

**Counsel for Relator/Defendant:**

Spence E. Dunn
State Bar No. 00797848
4669 Southwest Freeway, Suite 700
Houston, Texas 77027
Telephone: 713-559-0705
Facsimile: 713-481-8768
sdunn@americanriskins.com

Kevin F. Risley
State Bar No. 16941200
Andrew L. Johnson
State Bar No. 24060025
George Arnold
State Bar No. 00783559
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: 713-403-8210
Facsimile: 713-403-8299
garnold@thompsoncoe.com
krisley@thompsonecoe.com
ajohnson@thompsoncoe.com

**Real Party in Interest/Plaintiff:**

Hussam Barazi

**Counsel for Real Party in Interest/Plaintiff:**

BRASHER LAW FIRM, PLLC
Clint Brasher

i

clint@brasherattorney.com
State Bar. No. 24009915
Joe Muckleroy
joe@brasherattorney.com
State Bar No. 24065801
P.O. Box 2237
Beaumont, Texas 77704
(409) 832-3737
(409) 832-3838 (facsimile)

HAWASH MEADE GASTON NEESE & CICACK LLP
Jeremy Gaston
jgaston@hmgnc.com
State Bar No. 24012685
2118 Smith Street
Houston, TX 77002
(713) 658-9001
(713) 658-9011 (facsimile)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................... i

TABLE OF CONTENTS ..................................................................................... iii

INDEX OF AUTHORITIES.................................................................................. iv

STATEMENT ON ORAL ARGUMENT......................................................................... vi

INTRODUCTION & ISSUE PRESENTED......................................................................1

STATEMENT OF FACTS.....................................................................................2

SUMMARY OF ARGUMENT...................................................................................4

STANDARD OF REVIEW.....................................................................................4

ARGUMENT ...............................................................................................5

I.    ARI cannot invoke appraisal because it wholly denied coverage. .....................5

II.   Appraisal is inapplicable because the amount of loss is not disputed...............7

III.  ARI waived its right to appraisal by its unreasonable delay. ..........................9

IV.   ARI's prior breach of contract excuses Barazi from appraisal. .......................13

V.    ARI's nonwaiver argument should be rejected for several reasons. ...............15

CERTIFICATE OF COMPLIANCE .............................................................................19

CERTIFICATE OF SERVICE.................................................................................20

# INDEX OF AUTHORITIES

## *Cases*

*Boone v. Safeco Ins. Co.*,
Civ.A.H-09-1613, 2010 WL 2303311 (S.D. Tex. June 7, 2010)...........................9

*Canadian Helicopters, Ltd. v. Wittig*,
876 S.W.2d 304 (Tex. 1994) (orig. proceeding).......................................................4

*Cleaver v. Cleaver*,
140 S.W.3d 771, 774 (Tex. App.—Tyler 2004, no pet.) ....................................17

*Downer v. Aquamarine Operators, Inc.*,
701 S.W.2d 238 (Tex. 1985).................................................................................4

*Hooks v. Fourth Court of Appeals*,
808 S.W.2d 56 (Tex. 1991) (orig. proceeding).......................................................4

*In re Acadia Ins. Co.*,
279 S.W.3d 777 (Tex. App.—Amarillo 2007, no pet. h.)
(orig. proceeding) ............................................................................... 5, 9, 16

*In re Allstate*,
85 S.W.3d 193 (Tex. 2002) (orig. proceeding)...................................................... 6

*In re Bank of Am., N.A.*,
01-02-00867-CV, 2003 WL 22310800 (Tex. App.—Houston [1st Dist.] Oct. 9,
2003, no pet.) (orig. proceeding)........................................................................16

*In re GuideOne Nat'l Ins. Co.*,
No. 07-15-00281-CV, 2015 WL 5766496 (Tex. App. Sept. 29, 2015, no pet. h.)
(orig. proceeding) ..............................................................................................6

*In re Guideone Nat'l Ins. Co.*,
No. 05-15-00981-CV, 2015 WL 5050233 (Tex. App.—Dallas Aug. 27, 2015,
no. pet. h.) (orig. proceeding)..............................................................................16

*In re Pub. Serv. Mut. Ins. Co.*,
No. 03-13-00003-CV, 2013 WL 692441 (Tex. App.—Austin Feb. 21, 2013,
mandamus denied) (orig. proceeding)..................................................................6

*In re Security Nat. Ins. Co.*,
14-10-00009-CV, 2010 WL 1609247 (Tex. App.—Houston [14th Dist.] 2010,
no pet.) (orig. proceeding)................................................................. 7, 16

iv

*In re Texas Windstorm Ins. Ass'n*,
  No. 14-13-00632-CV, 2013 WL 4806996 (Tex. App.—Houston [14th Dist.]
  Sept. 10, 2013, no pet.) (orig. proceeding) ........................................................6

*In re Universal Underwriters of Texas Ins. Co.*,
  345 S.W.3d 404 (Tex. 2011) (orig. proceeding) .................................... 5, 6, 9, 10

*Mustang Pipeline Co. v. Driver Pipeline Co.*,
  134 S.W.3d 195 (Tex. 2004) ........................................................................ 14-15

*Perry Homes v. Cull*,
  258 S.W.3d 580 (Tex. 2008) .......................................................................... 10, 11

*Sanchez v. Prop. and Cas. Ins. Co. of Hartford*,
  Civ. A. H-09-1736, 2010 WL 413687 (S.D. Tex. Jan. 27, 2010) ........................ 9

*Southland Lloyds Ins. Co. v. Cantu*,
  399 S.W.3d 558 (Tex. App.—San Antonio 2011, pet. denied) ........................... 9

*State Farm Lloyds v. Johnson*,
  290 S.W.3d 886 (Tex. 2009) ......................................................................... 6, 12

*Straus v. Kirby Court Corp.*,
  909 S.W.2d 105 (Tex. App.—Houston [14th Dist.] 1995, writ denied)..............16

*Walker v. Packer,*
  827 S.W.2d 833 (Tex. 1992) (orig. proceeding).................................................4

### Rules

TEX. R. APP. P. 9.4 ..........................................................................................19

## STATEMENT ON ORAL ARGUMENT

Real party in interest Hussam Barazi does not believe oral argument would significantly aid the Court's decisional process because the facts and legal arguments are adequately presented by the parties' briefs and record.

## INTRODUCTION & ISSUE PRESENTED

In 2012, the roof of Barazi's home suffered $17,805.63 in hail damage. His insurer, American Risk Insurance Co. ("ARI"), wholly denied coverage, claiming no hail had hit the home. ARI and Barazi then litigated the matter for eighteen months. During litigation, ARI ultimately admitted that hail had, in fact, hit Barazi's home. On the eve of trial, however, ARI sought to invoke the insurance policy's appraisal provision, which provides a mechanism for determining the amount of a loss when that amount is disputed. But here, although ARI disputed *coverage*, it did not dispute the amount of loss. In addition, ARI had waited two and a half years after denying coverage to invoke appraisal.

At issue is whether the trial court committed a clear abuse of discretion or legal error in denying ARI's request for appraisal.

On February 4, 2013, real party in interest Hassam Barazi reported a hail claim to his insurance company, relator American Risk Insurance Company ("ARI"). Supplemental Record ("Supp. R.") Tab 3 at 423. ARI initially accepted coverage but said "no payment will be issued because the Actual Cash Value of repairs is below your deductible." R. Tab 1D at 117.

Barazi hired Don Foreman to inspect the property and prepare a damage report. R. Tab 1E; *id*. at 136. Foreman found substantial hail damage to the roof. *Id*. Foreman concluded that the hail damage totaled $17,805.63. *Id*. After receiving this estimate, ARI's adjuster conducted a re-inspection with Foreman. R. Tab 1F. On May 10, 2013, ARI ordered a weather report (Supp. R. Tab 3 at 424) requesting information as to whether any hail one inch or larger had hit the home during the policy period. Supp. R. Tab 3 at 454. After the re-inspection and after receiving a hail report from Weather Guidance, ARI wholly denied any coverage for Barazi's claim. Meanwhile, ARI's adjuster did not write an estimate of damage, stating "We have not prepared an estimate at this time. Should your [insurance] company elect to provide coverage and replace the roof, please advise and we will submit estimate." R. Tab 1F at 138.

In particular, on May 13, 2013, ARI sent Barazi a letter denying coverage and claiming that no hail events hit Barazi's property since the inception of his policy:

2

> "The investigation into the facts and circumstances of your claim has been completed and a final coverage decision has been reached. . . ***The fact that there were no hail events from the inception of your policy to the date you reported the damage reveals that the damage to your roof occurred outside the period of effectiveness of your policy with American Risk Insurance.*** Because the damages to your property occurred outside the window of effectiveness of this policy, we are unable to satisfy a claim…Before reaching this decision, we conducted a thorough investigation and considered all information you provided."

R. Tab 1H at 168 (emphasis added).

Yet ARI ultimately admitted that hail <u>which was one inch or larger</u> had hit Barazi's property during the policy period. *See* Supp. R. Tab 3 at 464. By itself, this showed that ARI's denial letter (claiming "no hail events") was false.

Now, two and a half years *after* ARI's original denial of coverage and *after* determining that its basis for denying coverage was wrong, ARI wants an appraisal. ARI's request was on the eve of trial, as the pretrial conference in this matter was set for tomorrow (November 13, 2015), with trial to start the next week.

ARI's request for appraisal was also disingenuous because, as explained below, the amount of damage here is not disputed. In addition, ARI's request for contractual appraisal was improper because ARI had wholly denied coverage and because ARI had unreasonably delayed seeking appraisal. For these and other reasons discussed below, the district court did not commit any clear abuse of discretion or legal error in denying ARI's request.

3

## SUMMARY OF ARGUMENT

Because ARI wholly denied coverage for Barazi's loss, ARI cannot invoke appraisal under the parties' insurance contract. Appraisal also is inapplicable because the parties do not dispute the *amount* of Barazi's loss.

Separately, ARI waived any right to invoke appraisal by its unreasonable delay of over two and a half years in seeking appraisal, which prejudiced Barazi by, among other things, forcing him to litigate a disputed coverage claim for more than eighteen months. In addition, ARI's material breach of the insurance policy (denying coverage on a basis that ARI ultimately admitted to be invalid) also precludes ARI from invoking appraisal.

ARI argues that it can't be deemed to have waived appraisal because its policy has a "non-waiver" provision, but ARI did not present that argument below, and it has also been recently rejected on the merits by another court of appeals.

## STANDARD OF REVIEW

Mandamus is appropriate only to correct a clear abuse of discretion or legal violation when there is no other adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). This is a heavy burden. *See Canadian Helicopters, Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex. 1994, orig. proceeding). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). An appellate court may not resolve factual

4

disputes in an original mandamus proceeding. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding).

## ARGUMENT

### I. ARI cannot invoke appraisal because it wholly denied coverage.

ARI lost its right to invoke appraisal when it wholly denied Barazi's claim. *See In re Acadia Ins. Co.*, 279 S.W.3d 777, 780 (Tex. App.—Amarillo 2007, no pet. h.) (orig. proceeding). In that case, the policyholder claimed hail damage to his property. *Id.* at 778. Acadia denied the claim for the same reason ARI denied coverage here: that the hail damage allegedly pre-dated the inception date of the policy. *Id.* at 778-79. The policyholder filed a lawsuit, and the insurer subsequently sought appraisal, which the trial court denied. *Id.* The appellate court denied mandamus relief because Acadia's decision to deny coverage waived its right to appraisal. *Id.* at 780; *see also In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (orig. proceeding) (stating that waiver can also be shown by an insurer's "denial of liability" or "refusal to pay the loss"). Here, ARI denied liability for Barazi's claim and refused to pay the loss when it denied coverage in its May 13, 2013 letter.

ARI tries to avoid this result by relying on cases where the insurer estimated that the insured's damages were below a deductible.[1] But those cases are not

---

[1] *See In re Pub. Serv. Mut. Ins. Co.*, No. 03-13-00003-CV, 2013 WL 692441, at *6 (Tex. App.—Austin Feb. 21, 2013, mandamus denied) (orig. proceeding) ("PSMIC stated that it

5

applicable to situations where coverage was wholly denied, as here.  To be sure, ARI

originally stated that Barazi's damages were below his deductible, but ARI changed

its position, wholly denied coverage, and stated that a "final coverage decision has

been reached."  R. Tab 1H at 168

ARI cites other cases for the proposition that denying appraisal is an abuse of

discretion when an insurance policy includes an appraisal clause.  But none of those

cases addressed situations like the present where coverage is wholly denied.  In one

case, the issue was whether appraisal was unenforceable as a form of arbitration, *see*

*In re Allstate*, 85 S.W.3d 193 (Tex. 2002) (orig. proceeding); in another, the issue

was the scope of appraisal where coverage had not been completely denied, *see State*

*Farm Lloyds v. Johnson*, 290 S.W.3d 886, 891 (Tex. 2009) (orig. proceeding), and

in the others, the insurer also did not deny liability/coverage. *See In re Univ.*

*Underwriters*, 345 S.W.3d at 410 (Tex. 2011) (orig. proceeding) ("Universal never

denied liability for the loss."); *In re Security Nat. Ins. Co*., 14-10-00009-CV, 2010

WL 1609247, *6 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (orig. proceeding)

---

was unable to issue payment because the cost to repair the roof damage was less than Shree
Deep's $5,000 deductible."); *In re Texas Windstorm Ins. Ass'n*, No. 14-13-00632-CV,
2013 WL 4806996, at *2 (Tex. App.—Houston [14th Dist.] Sept. 10, 2013, no pet.) (orig.
proceeding) ("[T]he record shows that TWIA also disputed the amount of loss, which it
Fdetermined did not exceed the deductible."); *In re GuideOne Nat'l Ins. Co*., No. 07-15-
00281-CV, 2015 WL 5766496, at *1 (Tex. App. Sept. 29, 2015, no pet. h.) (orig.
proceeding) ("GuideOne advised that the adjusted loss was below the deductible and so
notified TopDog.").

6

(not designated for publication) (insured "has not identified or specified any portion of coverage [the insurer] has denied"). Indeed, it is ironic that ARI cites *In re Security National Insurance*, as that case recognizes the very principle that Barazi relies upon here: "Denying coverage under an insurance policy waives the right of the insurer to request appraisal . . . ." 2010 WL 1609247 at *6.[2]

## II. Appraisal is inapplicable because the amount of loss is not disputed.

Under the parties' policy, appraisal may be invoked by either party "If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement." R. Tab 1A at 25-26. The purpose of appraisal is to "set the amount of loss" if the parties disagree. *Id.* ARI argues that the parties disagree on the amount of loss, but ARI has admitted that there is no such disagreement.

In particular, after ARI told Barazi that his loss did not meet his deductible, Barazi hired Don Forman, an independent roofing expert,[3] to estimate his hail damage. R. Tab 1E. Then, during the litigation of this matter, Larry Simmons testified on April 29, 2015 as ARI's corporate representative. Through Simmons' testimony, ARI admitted that (a) ARI had Foreman's estimate before ARI's May 13, 2013 denial letter (R. Tab 6 at 233-242, pp. 105:11-16; 106:10-107:7); and (b) ARI

---

[2] ARI argues that appraisal is warranted because the parties reached an "impasse" in negotiating the value of a claim. But whether the parties reached any impasse is irrelevant once ARI lost its right to invoke appraisal.

[3] Relator mistakenly refers to Foreman as a "public adjuster." Foreman is an independent roofing contractor and provided his service to Barazi for $647.00. R. Tab 1E at 136.

7

did not disagree with Foreman's estimate (R. Tab 6 at 233-242, pp.114:21-23; 117:7-16). Indeed, ARI specifically denied that it had any dispute with Foreman's $17,805.63 estimate and rejected any suggestion that his prices were excessive or that his estimate was overbroad. R. Tab 6 at 233-242, pp.114:21-23; 117:7-16. ARI stated that the issue was coverage, not scope or price. *Id.* Because the issue was not the *amount* of loss, appraisal is simply inapplicable.

ARI argues that there is no evidence in the mandamus record proving that ARI agrees with Foreman's estimate. But as cited above, there is such evidence in the record. What ARI really means is that Simmons' deposition (cited above) was not yet on file with the trial court before the court denied ARI's request for appraisal. That is true, but the **substance** of Simmons' deposition testimony (*i.e.*, Simmons' admission that ARI did not dispute the amount of damages) **was** on file with the trial court in the form of correspondence from Barazi's counsel to ARI's counsel, which ARI attached to its very own motion to compel appraisal, and that correspondence stated that:

> I [trial counsel for Barazi] am in receipt of your [counsel for ARI's] correspondence dated October 7, 2015 requesting appraisal. Not only is the request not timely and made after expiration of the demand, it is made late in respect to when ARI was aware of the dispute for the amount of loss. In addition, Mr. Simmons testified that he received and was aware of Mr. Foreman's estimate prior to the time that ARI denied the claim. (Simmons deposition, page 106:19 through 107:23). ***Mr. Simmons was asked in his deposition if he disagreed with the scope or price of Mr. Foreman's estimate. He admitted he did***

8

***not.*** (Simmons deposition, page 114, line 21-23, page 117, lines 7-16). ***Therefore, there is no dispute as to the amount of loss.*** The only remaining dispute is regarding the coverage position ARI made in respect to the claim. Since there is no dispute as to the amount of loss, it is not appropriate to seek appraisal of this matter.

R. Tab 1J at 170 (emphasis added). Notably, ARI made no attempt to rebut the substance of this correspondence in ARI's motion to compel appraisal. *See* R. Tab 1 at 1-7.

## III. ARI waived its right to appraisal by its unreasonable delay.

An insurer must demand appraisal within a reasonable time after any negotiation impasse is reached; otherwise, the right is waived. *See Boone v. Safeco Ins. Co.*, Civ.A.H-09-1613, 2010 WL 2303311, at *11-12 (S.D. Tex. June 7, 2010); *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 408 (Tex. 2011) (orig. proceeding); *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558 at 578 (Tex. App.—San Antonio 2011, pet denied); *In re Acadia Ins. Co.*, 279 S.W.3d 777,780 (Tex. App.—Amarillo, pet. denied, no pet. h.) (orig. proceeding).

An impasse is reached when the insurer becomes aware that its insured disagrees with the damages found by the insurer and further negotiations would be futile. *In re Universal Underwriters*, 345 S.W.3d at 408-12. Impasse is also reached when an insurer denies or otherwise refuses to pay a claim. *Sanchez v. Prop. and Cas. Ins. Co. of Hartford*, CIV. A. H-09-1736, 2010 WL 413687, at *5 (S.D. Tex. Jan. 27, 2010) (impasse established by adjuster's verbal declination to pay).

9

To show waiver by delay, Barazi must show the delay was unreasonable and prejudiced him. *In re Universal Underwriters*, 345 S.W.3d at 408-12. Here, the parties reached an impasse on May 13, 2013 when ARI denied coverage, stating "a final coverage decision has been reached." R. Tab 1H. A year then passed without any negotiations or discussions on the claim. On April 14, 2014, Barazi filed suit against ARI. ARI answered and vigorously defended itself, standing behind its denial. Discovery is now complete. The case never was mediated.

In the trial court, ARI claimed an impasse was not reached until ***October 13, 2015***. R. Tab 1 at 4 ¶ 20. But throughout this litigation, ARI has maintained its denial of coverage. Indeed, ARI corporate representative Simmons testified that ARI's denial of the claim was fair and reasonable. R. Tab 6 at 240-241. Having denied the claim over two and a half years ago and having maintained that denial throughout this litigation, ARI cannot claim the parties "just" reached an impasse last month.

In sum, ARI's two-and-a-half year delay, coming after all discovery has been completed and the case is ready for trial, is an unreasonable delay. And there is no doubt that this delay prejudiced Barazi:

Prejudice to a party "may arise in any number of ways that demonstrate harm to a party's legal rights or financial positions." *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 411 (Tex. 2011). In particular, litigation conduct and

10

participating in the litigation process is enough to establish prejudice for waiver. *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008).

Here, Barazi would be prejudiced if this matter were sent to appraisal at this late date. For one, over the course of the litigation, ARI has actively participated in the litigation process, including taking depositions, filing motions, and participating in discovery. *See Perry Homes*, 258 S.W. 3d at 595 (taking depositions, filing motions, and participating in discovery invokes the litigation process and is sufficient to show prejudice for waiver of right to invoke an alternative dispute resolution).

Hundreds of pages of documents have been exchanged, numerous motions filed, jury charges drafted, witnesses scheduled, experts retained, depositions taken, and trial scheduled to begin next week. ARI has substantially invoked the litigation process and taken advantage of the material made available to it before invoking appraisal. There is no question ARI has enjoyed the benefits of extensive discovery and only now wishes to invoke appraisal after discovery is concluded and on the eleventh hour.

Appraisal would also financially burden Barazi. *See Perry Homes*, 258 S.W.3d at 597. Months after ARI made its final coverage decision, Barazi had to seek and hire legal counsel to prosecute his action against ARI. As a direct result of ARI's coverage denial, Barazi faced legal fees, expert fees, professional fees, and associated costs with prosecuting this action. Any recovery Barazi obtains must be

11

used to pay attorneys, professionals, experts, and other litigation costs, a substantial portion of which have already been incurred. Had ARI invoked appraisal in a timely fashion, the majority of these expenses could have been avoided. Instead, financial prejudice to Barazi because of ARI's delay is self-evident.

Appraisal would also prejudice Barazi's legal position because an appraisal would not encompass his entire claim against ARI. *Id.* (prejudice shown by harm to party's legal position). In accordance with the policy language as well as Texas jurisprudence, an appraisal only covers the amount of physical damage to a building caused by an event. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888-89 (Tex. 2009). Appraisal would not address ARI's bad faith claims handling practices or the coverage questions that ARI has put in issue before the court to decide. ARI wishes to invoke appraisal knowing that an appraisal will not award certain damages caused by ARI's delay, including the cost of preparing expert evaluations of those damages (as Barazi had to hire multiple experts to prepare his complete legal case against ARI, including an estimator to value damages, an expert with respect to ARI's claims handling process, an attorney's fee expert, and a meteorological service).

In sum, ARI waived any right to appraisal through its unreasonable two-and-a-half year delay, including 18 months of substantially participating in the litigation process.

**IV.    ARI's prior breach of contract excuses Barazi from appraisal.**

On May 13, 2015, ARI denied coverage for this claim.  ARI's letter states the basis for the denial as follows: "We acquired a forensic meteorologist weather report for the period of effectiveness of your policy.  The report revealed that there were no hail events at the location of your property from the inception of your policy to the date you reported the damage to your roof for consideration."    R. Tab 1H at 168.

ARI's denial letter claiming "no hail events" is false in two ways.  First, ARIC concedes that there was at least one hail event at the property during the policy period.  On September 28, 2015, ARI filed *Defendant's Motion for Leave to Designate Responsible Third Party* seeking leave to designate Weather Guidance as a Responsible Third Party.  Supp. R. Tab 1 at 272.  Weather Guidance was the entity that prepared a hail report for ARIC on May 10, 2013.  In ARI's motion for leave, ARI states that "a careful examination of the weather report shows in the image for January 9, 2012, that the 1.0-1.5 inch diameter hail actually took place at the event location." Supp. R. Tab 1 at 273.  ARI thus knows that a hail event with 1.0-1.5 inch hail hit the property, yet it continues to maintain denial under the false premise of "no hail events."

In addition to the Weather Guidance report (which shows hail at the location during the policy period), ARI received other hail information from Barazi which depicted additional hail events.  *See* Supp. R. Tab 2 at 383.  Because ARI had this

information before it issued its denial letter, ARI should have known Barazi's claim was valid even before ARI denied the claim.

Second, ARI denied the claim on the basis that its Weather Guidance report reflected "no hail events." But that report did not state that "no hail events" occurred. R. Tab 1G at 164. Rather, as explained in a sworn statement by Weather Guidance meteorologist Robert White, when ARI requested the hail report, ARI instructed White not to consider any hail events *below one inch in diameter*. Supp. R. Tab 3 at 454. Accordingly, White's report did not consider hail below one inch in size. *Id*. And from Barazi, ARI received information from a different weather service identifying several dates where hail 0.5-0.7 inches in size impacted the property. Supp. R. Tab 2 at 383. This data, combined with the fact that ARI knew White only considered one inch or larger hail, demonstrates the falsity of ARI's statement of "no hail events."

"It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.,* 134 S.W.3d 195, 196 (Tex.2004). Whether a party's breach of contract is so material as to render the contract unenforceable is ordinarily a question of fact to be determined based on several factors, including:

> (a) the extent to which the injured party will be deprived
> of the benefit which he reasonably expected; (b) the extent
> to which the injured party can be adequately compensated

14

for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances including any reasonable assurances; [and] (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.* at 199.

Considering these factors, ARI's denial of Barazi's claim was a material breach. It deprived Barazi of the primary benefit of his homeowner's insurance—and has continued to do so for over two and a half years. Barazi was forced to hire counsel and initiate a lawsuit in order to seek recovery of a valid claim. And from May 13, 2013 until the present, ARI has maintained its denial of the claim even though they (1) had the Weather Guidance report before the denial and (2) admit that a "careful examination" of the report demonstrates a covered hail event at Barazi's property. ARI's ongoing denial of coverage is a breach of its duty of good faith and fair dealing and, at a minimum, constitutes a material breach of the insurance policy. Barazi thus is excused from further performance, including any duty to participate in an appraisal.

## V.    ARI's nonwaiver argument should be rejected for several reasons.

ARI argues that it cannot be held to have waived appraisal because of a nonwaiver provision in its insurance policy. As a threshold matter, this argument should be rejected because ARI did not make it below. *See* R. Tab 1 at 1-7; *In re*

15

*Bank of Am., N.A.*, 01-02-00867-CV, 2003 WL 22310800, at *2 (Tex. App.—

Houston [1st Dist.] Oct. 9, 2003, no pet.) (orig. proceeding) (not designated for

publication) ("Equity is generally not served by issuing an extraordinary writ against

a trial court on a ground that was never presented to the court and that the court thus

had no opportunity to address. Moreover, the standard of review on mandamus is

whether the trial court clearly abused its discretion. It would be hard to conclude,

without circumstances that were highly unusual or that made a trial court's ruling

void, that a trial court could abuse its discretion in making a ruling for a reason that

was never presented to the court.").

Second, as one appellate court recently held, a non-waiver clause does not

prevent a finding that an insurer has foregone its right to appraisal where, as here,

appraisal was merely a contractual *option* for the insurer (*i.e.*, as opposed to a

required condition) because foregoing a mere option does not actually constitute a

change or waiver of any policy provision. *See In re Guideone Nat'l Ins. Co.*, No.

05-15-00981-CV, 2015 WL 5050233, at *1 (Tex. App.—Dallas Aug. 27, 2015, no.

pet. h.) (orig. proceeding) (not designated for publication).

Third, as this Court has held, a contractual nonwaiver provision can, itself, be

waived. *See Straus v. Kirby Court Corp.*, 909 S.W.2d 105, 108 (Tex. App.—

Houston [14th Dist.] 1995, writ denied). As such, ARI is incorrect that such a

provision necessarily precludes any finding of waiver.

16

Finally, although cases like *In re Acadia Ins. Co.* and *In re Security National Insurance* speak in terms of "waiver," the same result can be reached without that term by noting that in cases where an insurer wholly denies coverage, the insurer is essentially taking the most extreme position that the parties' contract *simply does not apply* to any aspect of the claimed loss. But an insurer can't take the position that a contract absolutely doesn't cover a given situation while simultaneously claiming it does cover some aspect of it. At a minimum, such inconsistent positions should be treated as an estoppel when invoked to the detriment of the insured, as here. *See Cleaver v. Cleaver*, 140 S.W.3d 771, 774 (Tex. App.—Tyler 2004, no pet.) ("Judicial estoppel is a common law principle that precludes a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation.").

## CONCLUSION

ARI's desire for appraisal on the eve of trial was a delay tactic that should be rejected. ARI lost its right to invoke appraisal when it wholly denied coverage. ARI also lost its right after unreasonably delaying for more than two and half years. In addition, ARI cannot invoke appraisal after its representative confirmed there was no dispute as to the amount of loss. Finally, ARI cannot seek to enforce a contract provision after its own prior material breach. For these reasons, the Court should deny the petition.

In the alternative, if the Court determines that the any evidence relevant to the

appraisal issue was not adequately before the trial court, the Court should remand for the trial court to consider such evidence before making any final ruling on relator's petition.

Respectfully submitted,

**HAWASH MEADE GASTON NEESE & CICACK LLP**

 */s/ Jeremy Gaston*
Jeremy Gaston
Texas SBN 24012685
jgaston@hmgllp.com
2118 Smith Street
Houston, Texas  77002
(713) 658-9001
(713) 658-9011 (Fax)

*Counsel for Real Party in Interest*
*Hussam Barazi*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limitation of TEX. R. APP. P. 9.4(i)(2)(B) because this brief contains 4,364 words, including the Introduction text on page 1, but excluding those parts exempted by TEX. R. APP. P. 9.4(i)(1).

_/s/ Jeremy Gaston_
Jeremy Gaston

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing brief was served

by e-filing and e-service on November 12, 2015 to the following:

Spence E. Dunn
State Bar No. 00797848
4669 Southwest Freeway, Suite 700
Houston, Texas 77027
Telephone:  713-559-0705
Facsimile:  713-481-8768
sdunn@americanriskins.com

Kevin F. Risley
State Bar No. 16941200
Andrew L. Johnson
State Bar No. 24060025
George Arnold
State Bar No. 00783559
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  713-403-8210
Facsimile:  713-403-8299
garnold@thompsoncoe.com
krisley@thompsonecoe.com
ajohnson@thompsoncoe.com

_____*/s/ Jeremy Gaston*_____
Jeremy Gaston